## MINERAL DEVELOPMENT CO. v. KENTUCKY COAL LANDS CO.

(District Court, E. D. Kentucky. November 4, 1921.)

No. 942.

1. **Equity ⬳442—Judgment ⬳449—Bill to restrain enforcement of judgment at law not bill of review; leave to sue for relief against action unnecessary.**

   A bill in equity to restrain the enforcement of a judgment at law is not a bill of review, for which leave from the appellate court to file is required.

2. **Courts ⬳366(16)—Federal courts follow state courts as to determination of land titles.**

   Federal courts are bound to follow the settled laws, rules, and decisions of the state courts in the determination of land titles.

3. **Judgment ⬳430, 443(1), 501—Fraud in preventing an equitable defense not interposed ground for relief against judgment at law; enforcement of judgment at law not restrained for errors or defects.**

   Equity will restrain enforcement of a judgment at law, if plaintiff had an equitable defense of which he could not avail himself at law, or had a good defense of which he was prevented from availing himself by fraud or by accident, or if the judgment was procured by fraud; but equity will not interfere merely because the judgment was erroneous or defective.

4. **Judgment ⬳423—Enforcement of federal law judgment not be restrained because of subsequent contrary decision in state court.**

   Where judgment in federal District Court in suit involving location of a patent was rendered for plaintiff in accordance with jury verdict that in making the survey the surveyor ran with the top of a certain ridge, and in later suit in the state court, between different parties, the location of the same patent was involved, and it was there held that, on the evidence before that court, the surveyor did not run with the top of the ridge, *held*, that the subsequent contrary decision in the state court did not afford sufficient ground for a bill in the federal court to restrain the enforcement of that court's former judgment at law.

In Equity. Suit by the Mineral Development Company against the Kentucky Coal Lands Company. On defendant's motion to dismiss. Motion sustained.

See, also, 259 Fed. 118, 170 C. C. A. 186.

Dishman, Tinsley & Dishman, of Barbourville, Ky., Wilson & Harbison, of Lexington, Ky., E. L. Worthington, of Maysville, Ky., and D. D. Fields, of Whitesburg, Ky., for plaintiff.

Cleon K. Calvert, of Pineville, Ky., and Barthell, Fitts & Rundall, of Chicago, Ill., for defendant.

COCHRAN, District Judge. This cause is before me on defendant's motion to dismiss.

[1] The plaintiff would have the bill herein treated as a bill of review. It cannot be so treated. A bill of review relates to a decree in equity, not to a judgment at law. The bill here relates to a judgment at law, not to a decree in equity. It follows from this that the plaintiff, before filing it, did not have to apply to the appellate court for leave to so do. This is the case only as to bills of review, and the bill here is not a bill of review. This is not the case as to a bill relating to a judgment at law. A judgment at law, which has been appealed from

and affirmed, is in no sense of the word the act of the appellate court. It is the act alone of the court which rendered it. Though, however, the bill here is not a bill of review, decisions where it has been held that a federal court sitting in equity, on a bill of review, is not bound to alter its decree to conform to an opposite ruling of a state court subsequently made, though, if such ruling had been made before the entering of the decree it would have been bound to follow it, are pertinent here; for, if a federal court sitting in equity will not in such a case alter its decree in equity, it should not in such a case, because of such ruling, take any action affecting its judgment sitting at law. The bill here, as stated, relates to a judgment at law. It relates to a judgment rendered by this court sitting at law. The consideration and determination of the right of plaintiff to the relief, therefore, which he seeks should be in the light of this fundamental fact.

The first thing to be taken note of is the character of relief which is sought as to such law judgment. In the brief just filed on behalf of plaintiff, the position taken is that the relief sought is an injunction against the enforcement of such judgment. It is conceded that, if the relief sought is to have the judgment vacated and set aside, plaintiff is not entitled to such relief, and that on the ground that it has come too late. A judgment at law can only be vacated or set aside under the provisions of the Code of Practice of Kentucky in relation thereto, and those provisions prescribe a limit in which such right can be exercised, and that limit had expired when this bill was filed. This, however, is not the only ground upon which plaintiff is not entitled to such relief. It is not entitled to it because the ground upon which relief is sought against the judgment is not one of the grounds specified in such Code provisions upon which a· judgment at law can, be vacated and set aside. Still further, and more fundamentally, plaintiff is not entitled to such relief because a court of equity has no power to vacate or set aside a judgment at law. Such a judgment cannot be vacated and set aside otherwise than by the court rendering it, or by an appellate court on writ of error. If, then, the relief sought is limited to a vacation and setting aside of the law judgment complained of, plaintiff is not entitled to such relief. But such is the only relief which the bill seeks. I will, however, treat the relief sought as being an injunction against the enforcement of that judgment, as plaintiff in its brief would now have it, and dispose of the motion on that basis.

[2] At the outset I would eliminate some propositions of which much is made by plaintiff, as not pertinent to the discussion. The main one is that federal courts are bound to follow the settled laws, rules, and decisions of the state courts in the determination of land titles. Beyond all question this proposition is sound. The plaintiff makes a great to-do over this proposition, which is one that no one questions. Furthermore, it is undoubtedly true that a federal court will refuse to follow its former decisions in other cases, and follow the decisions of a state court in the settlement and final determination of land titles. The case of Suydam v. Williamson, 24 How. 427, 16 L. Ed. 742, cited by plaintiff, is to this effect. But note that it is its decisions in other cases which it will refuse to follow in such a contingency. This is not

the same thing as saying that a federal court will, in such a contingency, refuse to enforce its decree or judgment in a particular case, which is the problem we have here. If, then, this motion is to be decided correctly, these propositions must be put behind us. They only serve to blind us and keep us from seeing the truth.

What we have here is this question and none other, to wit: Should a federal court sitting in equity enjoin a judgment rendered by it sitting at law, adjudging that the plaintiff therein is the owner and entitled to the possession of certain real estate located in its territorial jurisdiction, in a suit brought by the defendant therein against such plaintiff, because since the rendition of the judgment the highest court of the state, in a case pending before it, has decided just the other way; i. e., that the defendant therein, and not the plaintiff, is the owner and entitled to the possession thereof? The question is really not so broad as this. And it is difficult to imagine how it is possible for the question as to the ownership of such real estate, after it has been determined by the federal court, can ever come up again on its merits in the state court between the same parties. But I am ignoring this difficulty and putting the question as broadly as it is possible to put it, because, if it should turn out that such question so put must be answered in the negative, it will have to be so answered, if put in narrower form.

The question thus put comes to this: Should a federal court sitting in equity enjoin the enforcement of a judgment rendered by it sitting at law as to the ownership of such real estate because its judgment was erroneous, at the instance of the party against whom the error was committed? That it was erroneous is made out by the fact that since its rendition the highest court of the state has decided the question as to the ownership the other way, and, if its decision had been made before its rendition, the federal court would have been bound to and would have followed it. The sole significance that the state court has so decided is that it makes out that the federal court erred in its judgment. The question before us may therefore be said to come to this: Will a federal court sitting in equity ever enjoin a judgment rendered by it sitting at law because such judgment was erroneous? Or it may be put in a still shorter, but broader, form. Will a court of equity ever enjoin a law judgment because it is erroneous? This is exactly the question which the motion before us presents for consideration and determination. The plaintiff herein complains that the law judgment rendered by this court, against which it seeks relief, was erroneous, and on that ground it seeks to have its enforcement enjoined. It seeks to have its enforcement enjoined on no other ground.

[3] To answer this question we must post ourselves as to the grounds upon which a court of equity will enjoin the enforcement of a judgment at law. For the enjoining of such enforcement is a well-recognized head of equity jurisprudence. And we do not have to go very far to get posted. The opinion of Judge Rogers in the case of Whitcomb v. Shultz, 223 Fed. 268, 138 C. C. A. 510, referred to by plaintiff, gives us all the information we need. He first states generally:

"It is well established that under certain circumstances courts of equity will interfere to restrain proceedings at law, and its jurisdiction to stay legal proceedings may, in a proper case, be exercised at any stage of the legal cause. An injunction may be granted to stay a trial, or after verdict to stay judgment, and after judgment to stay execution, and to prevent an assignment of the judgment."

He then proceeds to set forth the circumstances under which a court of equity will so interfere. He first quotes from the opinions of Lord Chancellor Ellesmere and Chief Justice Marshall on this subject. The opinion of the former was rendered in what Judge Rogers calls "the great case" of Earl of Oxford, 1 Ch. Rep. 1 (1615). The Lord Chancellor begins his opinion thus:

"The law of God speaks for the plaintiff. Deut. 28 and equity and good conscience speak wholly for him. Nor does the law of the land speak against him."

He sets forth that restraining proceedings under a judgment at law is a part of equity jurisdiction, which is referred to in these words:

"The use of the chancery has been in all ages to examine equity in all cases, saving against the king's prerogative."

He then stated the principles on which equity restrains such proceedings in these words:

"When a judgment is obtained by oppression, wrong, and a hard conscience, the Chancellor will frustrate and set it aside, not for any error or defect in the judgment, but for the hard conscience of the party."

The opinion of Chief Justice Marshall was rendered in the case of Marine Ins. Co. of Alexandria v. Hodgson, 7 Cranch, 332, 336, 3 L. Ed. 362. He quotes therefrom the following, to wit:

"Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

Judge Rogers, after so quoting, thus summarizes the matter:

"The rule is undoubted that a court of equity will not interfere with judgments at law, unless the complainant had an equitable defense of which he could not avail himself at law, or had a good defense at law of which he was prevented of availing himself by fraud or accident, unless by his own or his agent's negligence."

This summary does not seem to cover the case of procuring a judgment at law by fraud, or at least all cases of such procuring. This ground of interference is referred to by Judge Rogers, with a certain distinction, in these words:

"It is well-established principle that equity will afford a remedy where fraud has been practiced in procuring a judgment or decree, but the fraud must relate to the procuring of the judgment or decree, and not the transaction which was the basis of the decree. * * * Here the fraud complained of is not fraud in procuring the judgment, but in inducing the complainant to enter into the contract which is the basis of the judgment."

With this presentation of the matter before us the circumstances under which a court of equity will restrain the enforcement of a judgment at law may be stated affirmatively in these words: If the plaintiff had an equitable defense of which he could not avail himself at law, or had a good defense of which he was prevented from availing himself by fraud or accident, or if the judgment was procured by fraud, equity will interfere.   This affirmative statement does not include error or defect in the judgment.  Putting the matter negatively, as Lord Chancellor Ellesmere puts it, the Chancellor will not frustrate and set aside a judgment at law for any error or defect in it.  If such were a basis of interference, there would never be any end to litigation.  The mere fact that the judgment complained of was that of a federal court, and that the error relied on was as to a matter on which the opinion of the highest court of the state was controlling, brought to light by a subsequent decision of such state court, can make no difference.

The decisions cited by defendant in relation to bills of review, to which I have referred to in the earlier portion of this opinion, are in point here.  Plaintiff picks flaws in them.  I do not find it necessary to deal with its criticisms.  It is sufficient to say that the plaintiff does not cite a solitary decision upholding its position that, in such a case as here, error or defect in the judgment at law is ground for restraining its enforcement by a court of equity; whereas, in stating the law governing the subject of equitable restraint of the enforcement of judgments at law, error or defect in the judgment is never stated as a ground of interference, but, on the other hand, it is stated that it is not a ground of interference.

[4] It remains to say something as to the particular facts of this case.  The question of ownership, in the case in which the judgment complained of was rendered, depended on whether the Isom Stamper patent should be located in accordance with its courses and distances, or whether the top of the ridge should be followed out to Eagle Gap. This was held to depend on the subquestion whether, in the making of the survey, the surveyor ran with the top of the ridge.  This question was left to the jury, and it found that he did.  It was thereupon adjudged that such was the line of the patent, and that the plaintiff therein was the owner of the land in contest.  After this judgment was rendered and affirmed in 259 Fed. 118, 170 C. C. A. 186, the case of Swift Coal & Timber Co. v. Sturgill, 188 Ky. 694, 223 S. W. 1090, involving the location of this same patent, came before the Kentucky Court of Appeals.  It was a suit in equity, and the question as to how the surveyor ran the line was for the court, and not the jury.  The Court of Appeals, in considering the evidence before it, reached the conclusion that the surveyor did not run with the top of the ridge out to Eagle Gap, and that therefore the patent should be located according to courses and distances called for.  This decision was rendered not in a case between these parties, or to which either party here was a party  It was not held that the law applied in this court was erroneous.  Indeed, it was assumed that it was correct.  The sole difference was upon a pure question of fact; i. e., as to where the surveyor ran the lines of the Isom Stamper patent.  The Court of Ap-

peals, upon the evidence before it, held that he did not run with the top of the ridge. The jury in this court held that he did. It is not unlikely that, if the case in the state court had been a jury case, and the evidence before the jury had been the same as before the jury in this court, and the jury there had found as the jury did here, the Court of Appeals would not have disturbed the verdict of the jury on appeal from the judgment therein.

I am constrained to sustain the motion to dismiss.

---

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes