### UNITED STATES ex rel. NUSBAUM v. CRAIG.

(District Court, W. D. New York. August 21, 1924.)

No. 4978.

**1. Customs duties ⬅=134—Indictment charging evasion of Tariff Act held defective.**

An indictment charging smuggling into United States of "Canadian ale," in violation of Tariff Act 1922, § 593, subds. a, b (Comp. St. Ann. Supp. 1923, §§ 5841h12, 5841h13), *held* fatally defective for failure to aver that such ale was merchandise, "which should have been invoiced," in view of title 1, § 1, Schedule 8, par. 805 (Comp. St. Ann. Supp. 1923, § 5841a) nor was averment of intent to defraud sufficient to imply merchandise was of that class.

**2. Indictment and information ⬅=71—Indictment must particularly describe offense and fully apprise accused of its nature.**

An indictment must leave no doubt in mind of accused as to particular character of charge against him, and must fully and clearly apprise him of its nature, and record must disclose exact offense, so that accused may plead his conviction in bar if subsequently necessary.

**3. Customs duties ⬅=121—Tariff Act, prohibiting smuggling, held applicable only to unlawful importation.**

Tariff Act 1922, § 593, subd. a (Comp. St. Ann. Supp. 1923, § 5841h12), prohibiting the smuggling or clandestine introduction into the United States of "merchandise which should have been invoiced," relates only to unlawful importation; words quoted not being mere surplusage.

**4. Criminal law ⬅=1033(1)—After verdict, jurisdiction of court to impose sentence may be challenged.**

Even after verdict defendant is entitled to challenge the court's jurisdiction to impose sentence under an indictment which fails to charge facts sufficient to constitute offense, and District Court, where proceeding is void, has power to determine matter by writ of habeas corpus.

At Law. Proceeding by the United States, on the relation of Max Nusbaum, for writ of habeas corpus to be directed to William H. Craig, as Superintendent, etc. Writ sustained, and relator discharged.

Hugh J. O'Brien, of Rochester, N. Y., for petitioner.

William J. Donovan, U. S. Atty., of Buffalo, N. Y. (John W. Remington, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for the United States.

HAZEL, District Judge. The relator, Max Nusbaum, in his petition for writ alleges that he is unlawfully deprived of his liberty at the Monroe County Penitentiary without any legal authority whatever; that at the Jamestown term of this court he pleaded guilty generally to a violation of section 593 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, §§ 5841h12, 5841h13), and that the indictment against him does not charge the commission of a crime, and accordingly his plea of guilty thereto was illegal and void and against his constitutional rights. The government has filed its return denying invalidity of the indictment. Its validity was not questioned at the time of interposing the plea and passing sentence. It alleges a charge of smuggling Canadian ale from the Dominion of Canada in the first

count, and in assisting in doing so in the second count. The relator was sentenced to serve three months in the Monroe County Penitentiary and two codefendants who are Canadians were sentenced to confinement in the same institution for 6 months and fined $500. On this application it is insisted that neither count states an offense against the United States. Section 593-a of the Tariff Act of 1922 reads as follows: "If any person knowingly and willfully, with intent to defraud the revenue of the United States, smuggles or clandestinely introduces, into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the custom house any false, forged, or fraudulent invoice, every such person, his, her, or their aiders and abettors, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding $5,000, or imprisoned for any term of time not exceeding two years, or both, at the discretion of the court."

[1] In terms subdivision b prohibits the importation, open or clandestine of merchandise contrary to law, or knowingly dealing therein after importation. There was a failure to charge that the Canadian ale was merchandise which should have been invoiced as provided by the statute. It was a necessary ingredient of the offense that the indictment should contain the specific omission or facts tending to show that the merchandise smuggled into the United States was of the designated class and that it should have been invoiced. The bare allegation that defendants, with intent to defraud the United States, smuggled and clandestinely brought Canadian ale into this country to deprive the United States of customs duties was insufficient, and failed to charge the offense with precision and certainty. It failed to charge a material element of which the particular offense is composed. Evans v. U. S., 153 U. S 584, 14 Sup. Ct. 934, 38 L. Ed. 830. Any inferences as to the legislative intent that may be drawn by the court do not cure the defect of failure to allege the facts necessary to bring the case within the intent. U. S. v. Carll, 105 U S. 611, 26 L. Ed 1135.

[2] It is a general rule that no doubt is to be left in the mind of the accused of the particular character of the charge against him, and he must be fully and clearly apprised of its nature, and the record must disclose the exact offense to the end that the accused may plead in bar his conviction if occasion for so doing arises. U. S. v. Cruikshank, 92 U. S. 544, 23 L. Ed. 588.

1 F.(2d)—31

[3] This rule of general application it seems to me has special force here since it is apparent that the statute under which the indictment was laid relates only to the unlawful importation of merchandise. The words "which should have been invoiced" were not mere surplusage, for without them the descriptive facts constituting the illegal act would not have been properly set forth. The case of U. S. v. Thomas, 28 Fed. Cas. 76, No. 16,473, points out that all importations of merchandise are not unlawful, and in Keck v. U. S., 172 U. S. 435, 19 Sup. Ct. 254, 43 L. Ed. 505, it is held that the indictment must specifically charge that merchandise imported from a foreign country was subject to duty or, as section 593 puts it, "should have been invoiced." See, also, U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.

It is no doubt true, as contended by the government, that the word "smuggle" connotes the unlawful entry of goods contrary to law; but it nevertheless must be conceded that there may be acts of omission or commission which have a direct tendency thereto without a person being guilty of the particular offense. And aside from this, as counsel for the relator ably contends, the word "smuggle," as used in section 593, is used synonymously with the word "clandestine," and accordingly, if a person smuggles or clandestinely introduces merchandise "which should have been invoiced," or attempts to do so, he is deemed guilty under the statute of a misdemeanor. The allegation that there existed an intent to defraud does not necessarily imply that the merchandise is of the described class, and the quoted excerpt in the government's brief from Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390, must be read with the wording of the indictment which stated, as the case shows, that the prepared opium was subject to a duty of $12 per pound, and that there was knowledge on the part of the accused as to the dutiable character. I am unable to adopt the view that the phrase "Canadian ale" sufficiently implies its dutiable character under the Tariff Act of 1922 (title 1, § 1, par. 805, of Schedule 8 [Comp. St. Ann. Supp 1923, § 5841a]), and that the omitted ingredient is thereby substantially described. Introducing ale into the United States of more than one-half of 1 per cent. alcoholic content is prohibited, and therefore required no invoicing, while ale containing an alcoholic content of less than one-half of one per cent. is dutiable and required such compliance. Subdivision

b, § 593, also requires a statement of the particular illegality, and in my opinion both counts one and two are defective in substance for failure to charge that the merchandise was subject to duty and should have been invoiced.

[4] The relator, I think, has the legal right to challenge the jurisdiction of the court, even after verdict to impose sentence under an indictment which fails to charge facts sufficient to constitute an offense (Cohn v. U. S., 258 Fed. 355, 169 C. C. A. 371), and the District Court, where the proceeding is void, has power to determine the matter by writ. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787.

In Ex parte Webb, 225 U. S. 674, 32 Sup. Ct. 769, 56 L. Ed. 1248, it is stated, it is true, as the government contends, that whether an offense in an indictment is sufficiently stated is not a proper subject of inquiry on habeas corpus, but there the Supreme Court had before it an original application for writ to review the decision of the District Court. There is nothing in the opinion to indicate disagreement with Ex parte Parks, supra.

The writ is sustained, and the relator must be discharged.