RICHARD H. HENDRICKSON, COMPLAINANT AND APPELLANT, v. SAMUEL L. HINCKLEY.

A court of equity does not interfere with judgments at law, unless the complainant has an equitable defence of which he could not avail himself, at law, because it did not amount to a legal defence, or had a good defence at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.

Therefore, a bill was properly dismissed where the complainant sought relief from a judgment at law, for the following reasons : —

1. Where he alleged that he had been defrauded in the sale of the property, for the purchase of which he gave his notes. The fraud was pleaded at law, and the verdict against him. Moreover, six years elapsed between the sale and suit, and no effort was made to rescind the contract.

2. Certain verbal promises alleged to have been made by the agent of the vendor. These were not admissible in any court to vary a written contract. This defence was also set up at law, and failed.

3. That certain letters from a co-defendant were read to the jury as admissions. This ground of relief was also untenable.

4. That certain claims of set-off existed which he purposely abstained from using in the trial at law. If he voluntarily waived this defence, relying upon a separate action, he has no right now to ask a court of equity to interfere.

THIS was an appeal from the circuit court of the United States for the district of Ohio.

On the 26th of October, 1851, Hendrickson, as survivor of Hendrickson and Campbell, filed a bill in the United States cir-

cuit court, for the district of Ohio, alleging that on the 21st day of April, 1848, Hinckley brought a suit on the law side of said court, on three promissory notes against said Hendrickson and one Andrew Campbell. That said Hendrickson and Campbell set up in their pleadings, and on the trial, for defences, the want of consideration, fraud in obtaining the notes, and payment. That the case was tried on these issues, by a jury, and thereupon a judgment was recovered against said defendants for $2,386.11, and costs of suit. That afterwards said Campbell and Hendrickson moved for a new trial, which, on consideration, was refused. That Campbell has since died insolvent. That before, and after said suit was brought, said Campbell and Hendrickson had a good set-off against said Hinckley, amounting to $3,337.85. That before the trial they consulted their counsel respecting it, and that both counsel and client concluded not to set it up on that trial. That, on the trial, said defendants were surprised, by the introduction, on the part of the plaintiff, of letters written by said Campbell, and to which the jury gave undue weight. That Hinckley is a non-resident of the State of Ohio, and has no property besides said judgment, in said State.

The bill then prays for a full discovery from the defendant, as to all the facts alleged, and on the grounds of fraud, surprise, non-residence of the defendant, Hinckley, and the equitable jurisdiction of courts of chancery over claims of only set-off, prays that the judgment be enjoined, and his claim be liquidated — and he offers to pay any balance which may be found to be due said Hinckley, on such final adjustment.

September 26, 1851, the writ of injunction issued. On the 7th of May, 1852, the defendant, Henckley, filed his answer, denying, *seriatim*, all the material allegations in the bill, and, under the rule of court, denied all equity therein, and prayed to have the same benefit from his answer as if he had demurred to the bill.

At the October term, 1852, the case was heard on the demurrer, the injunction dissolved, and the bill dismissed. From this decree said complainant appealed to this court.

The case was submitted, on printed arguments, by *Mr. Hart*, for the appellant, and *Mr. Mills*, for the appellee.

In order to explain the points made by counsel, it would be necessary to enter into a particular statement of the facts in the case. They are therefore omitted.

Mr. Justice CURTIS delivered the opinion of the court.

The complainant filed his bill in the circuit court of the

United States, for the district of Ohio; and that court having ordered the bill to be dismissed, on a demurrer, for want of equity, the complainant appealed.

The object of the bill is to obtain relief against a judgment at law, founded on three promissory notes, signed by the complainant, and one Campbell, since deceased.

A court of equity does not interfere with judgments at law, unless the complainant has an equitable defence, of which he could not avail himself at law, because it did not amount to a legal defence, or had a good defence at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. Marine Ins. Co. *v.* Hodgson, 7 Cranch, 333; Creath *v.* Sims, 5 How. 192; Walker *v.* Robbins et al. 14 How. 584.

The application of this rule to the case stated in the bill, leaves the complainant no equity whatever.

The contract under which these notes were taken was made in December, 1841. One of the notes is dated in December, 1841, and the others in January, 1842. In April, 1848, suit was brought on the notes. In October, 1850, the trial was had and judgment recovered. The reasons alleged by the bill for enjoining the judgment are: —

1. That the consideration of the notes was the sale of certain property, and the complainant and Campbell were defrauded in that sale. But this alleged fraud was pleaded, in the action at law, as a defence to the notes, and the jury found against the defendants. Moreover, upwards of six years elapsed after the sale, an before the suit was brought; and the vendees, who do not pretend to have been ignorant of the alleged fraud during any considerable part of that period of time, did not offer to rescind the contract, nor did they, at any time, either return or offer to return the property sold.

2. The bill alleges certain promises to have been made by an agent of the defendant, concerning the time and mode of payment of the notes when they were given. These promises could not be availed of in any court, as a defence to the notes; for, to allow them such effect, would be to alter written contracts by parol evidence, which cannot be done in equity any more than at law, in the absence of fraud or mistake. Sprigg *v.* The Bank of Mount Pleasant, 14 Pet. 201.

But whatever substance there was in this defence, it was set up, at law, and upon this, also, the verdict was against the defendants; and the same is true of the alleged partial failure of consideration.

3. The next ground is, that on the trial at law, letters from the joint defendant, Campbell, containing admissions adverse

to the defence, were read in evidence to the jury; and the bill avers that Campbell was not truly informed concerning the subjects on which he wrote, and that, until the letters were produced at the trial, the complainant was not aware of their existence, and so was surprised.

To this there are two answers, either of which is sufficient. The first is, that the complainant and Campbell being jointly interested in the purchase and ownership of the property for which these notes were given, and joint defendants in the action at law, and there being no allegation of any collusion between Campbell and the plaintiff in that action, the complainant cannot be allowed to allege this surprise. If he did not know what admissions Campbell had made, he might, and with the use of due diligence, would have known them; and he must be treated, in equity as well as at law, as if he had himself made the admissions.

Another answer is, that if there was surprise at the trial, motion for delay, as is practised in some circuits, or a motion for a new trial, according to the practice in others, afforded a complete remedy at law.

4. The complainant asserts that he has claims against the defendant, and he prays that, inasmuch as the defendant resides out of the jurisdiction of the court, these claims may be set off against the judgment recovered at law by the decree of the court upon this bill. But upon this subject the bill states, speaking of the action at law: " Your orator frequently conferred with L. D. Campbell, one of his attorneys, in reference to the said cause, and frequently spoke to him of the claims which your orator and said Andrew Campbell had against the said Hinckley, as hereinafter specifically set forth; but the said Campbell, attorney, regarded the defence pleaded as so amply sufficient as that neither he nor your orator ever thought it necessary to exhibit said demands against said Henckley as matter of defence, could it even have been done consistently with the defence made as aforesaid."

He purposely omitted to set off these alleged claims in the action at law, and now asks a court of equity to try these unliquidated claims and ascertain their amount, and enable him to have the same advantage which he has once waived, when it was directly presented to him in the regular course of legal proceedings. Courts of equity do not assist those whose condition is attributable only to want of due diligence, nor lend their aid to parties, who, having had a plain, adequate, and complete remedy at law, have purposely omitted to avail themselves of it.

It is suggested that courts of equity have an original juris-

diction in cases of set-off, and that this jurisdiction is not taken away by the statutes of set-off, which have given the right at law. This may be admitted, though it has been found exceedingly difficult to determine what was the original jurisdiction in equity over this subject. 2 Story's Eq. 656, 664. But whatever may have been its exact limits, there can be no doubt that a party sued at law has his election to set off his claim, or resort to his separate action. And if he deliberately elects the last, he cannot come into a court of equity and ask to be allowed to make a different determination, and to be restored to the right which he has once voluntarily waived. Barker *v.* Elkins, 1 John. Ch. R. 465; Greene *v.* Darling, 5 Mason, 201.

Similar considerations are fatal to the plaintiff's claim for relief, on the ground that the defendant resides out of the State, and that therefore he should have the aid of a court of equity, to subject the judgment at law to the payment of the complainant's claim. When the complainant elected not to file these claims in set-off in the action at law, he knew that defendant, who was the plaintiff in that action, resided out of the State. If that fact was deemed by the complainant insufficient to induce him to avail himself of his complete legal remedy, it can hardly be supposed that it can induce a court of equity to interpose to create one for him. The question is not merely whether he now has a legal remedy, but whether he has had one and waived it. And as this clearly appears, equity will not interfere.

The decree of the court below is affirmed.

## Order.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Ohio, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said circuit court in this cause be and the same is hereby affirmed, with costs.