### UNITED STATES v. LUVISCH et al.

(District Court, E. D. Michigan, S. D. January 24, 1927.)

No. 7189.

1. **Criminal law** ⬌304(11)—**Judicial notice cannot be taken of laws of foreign country.**

   United States courts cannot take judicial notice of laws of foreign country.

2. **Criminal law** ⬌273—**Plea of guilty of counterfeiting Canadian inland excise stamps held sufficient proof that they were obligations and securities of that government. (Criminal Code, § 161 [Comp. St. § 10331]).**

   By the admission in defendant's plea of guilty to counterfeiting Canadian inland excise stamps, obligations and securities of that government, in violation of Criminal Code, § 161 (Comp. St. § 10331), the fact involved that they were such obligations and securities is sufficiently proven.

3. **Criminal law** ⬌998—**Federal court cannot set aside its final judgment on application made at later term.**

   Final judgment of federal court cannot be set aside by it on application filed at term subsequent to that at which judgment was rendered, though United States attorney consents thereto.

4. **Criminal law** ⬌997—**Judgment could not be set aside after term by writ of error coram nobis for mistake with respect to fact in issue and decided by judgment.**

   Even writs of error coram nobis or coram vobis, whereby at common law judgment might be set aside after expiration of term, were inapplicable, where error complained of was a mistake with respect to a fact put in issue by

the parties and decided by the judgment so sought to be reviewed.

Isadore Luvisch and others were convicted of counterfeiting, and petition to have judgment set aside. Motion denied.

Ringolsky, Friedman & Boatright, of Kansas City, Mo., and Groesbeck, Sempliner, Kelly & Baillie, of Detroit, Mich., for petitioners.

Delos G. Smith, U. S. Atty., and David Polasky, Asst. U. S. Atty., both of Detroit, Mich.

TUTTLE, District Judge. This is a petition, referred to therein as "analogous to a writ of error coram nobis," for an order "setting aside and quashing the judgment rendered against" the petitioner, Isadore Luvisch, by this Court, at a term previous to that in which such petition was filed, finding him guilty of violation of section 161 of the United States Criminal Code (Comp. St. § 10331), as charged in the indictment returned against him, to which he had pleaded guilty, and on which he was thereafter sentenced to imprisonment at Leavenworth. The sole question involved is whether, assuming the material allegations of said petition to be true (no answer nor other pleading has been filed by the government), this court has power at this time, after the expiration of the term at which the judgment complained of was rendered, to set aside such judgment on a petition filed after the expiration of such term.

The statute just cited provides as follows:

"Whoever, within the United States or any place subject to the jurisdiction thereof, except by lawful authority, shall have control, custody, or possession of any plate, stone, or other thing, or any part thereof, from which has been printed or may be printed any counterfeit note, bond, obligation, or other security, in whole or in part of any foreign government, bank, or corporation, or shall use such plate, stone, or other thing, or knowingly permit or suffer the same to be used in counterfeiting such foreign obligations, or any part thereof; or whoever shall make or engrave, or cause or procure to be made or engraved, or shall assist in making or engraving, any plate, stone, or other thing, in the likeness or similitude of any plate, stone, or other thing designated for the printing of the genuine issues of the obligations of any foreign government, bank, or corporation; or whoever shall print, photograph, or in any other manner make, execute, or sell, or cause to be printed, photographed, made, executed, or sold, or shall aid in printing, photographing, making, executing, or selling, any engraving, photograph, print, or impression in the likeness of any genuine note, bond, obligation, or other security, or any part thereof, of any foreign government, bank, or corporation; or whoever shall bring into the United States or any place subject to the jurisdiction thereof any counterfeit plate, stone, or other thing, or engraving, photograph, print, or other impressions of the notes, bonds, obligations, or other securities of any foreign government, bank, or corporation, shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

The indictment in question, which contained three counts, charged, in its first count, that the said petitioner, defendant in said indictment, did, at the specified time and place within this district, "unlawfully, willfully, feloniously, and knowingly, and without lawful authority, cause and procure to be made and engraved a certain zinc half-tone plate in the likeness and similitude of certain plates and impressions designated by a certain foreign government, to wit, the Dominion of Canada, for the printing of the genuine issues of certain obligations and securities of the said foreign government, to wit, certain inland excise stamps of the denomination of one cent, bearing the following words and figures, to wit: The numerals '1912' at each end and in the center of said stamp, and the words 'Certified manufactured in the year,' and the signature of, to wit, 'J. W. Vincent,' and a large scroll numeral '1,' all on the left side of the center of said stamp, and in the center thereof the word 'Ottawa' above the numerals '1912,' and beneath said numerals the word 'Canada,' and on the right of the center of said stamp appears first the word 'cent' and then 'and bottled in bond under excise supervision, Deputy Min'r Inland Revenue'—contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

The second count of said indictment charged the said petitioner with unlawfully having in his possession and custody and under his control the aforesaid plate at the aforesaid time and place, contrary to said statute. The third count charged that the same defendant, at the same time and place, did "unlawfully, willfully, feloniously, and knowingly, and without lawful authority, sell a certain number of counterfeit prints, to

wit, twelve hundred, made in the likeness and similitude of a certain genuine obligation and security of a certain foreign government, to wit, the Dominion of Canada, said prints being in the likeness and similitude of certain inland excise stamps of the said foreign government, to wit, the Dominion of Canada, of the denomination of one cent," bearing the same words and figures as set forth in the other two counts just referred to.

[1, 2] The petitioner claims, in his said petition, that his plea of guilty, the acceptance thereof by the court, and his conviction and sentence thereon, were "all due to ignorance on the part of your petitioner and movant, and to a mistake of fact and misapprehension of the facts on the part of your petitioner and his attorney, the then United States district attorney, and the court, for said parties all believed, and so informed your petitioner and movant, that the inland excise stamp described in detail in the indictment rendered against him, mentioned herein, was an obligation and security of the Dominion of Canada, a foreign government, when in truth and in fact it was and is not an obligation or security of the Dominion of Canada." Whether the instrument so described was an obligation or security of Canada depended, and depends, entirely upon the question whether any law of Canada made such instrument such an obligation or security; and that was, so far as this court (which cannot take judicial notice of the laws of a foreign country) was and is concerned, a question of fact to be proved by the government as one of the essential elements of the offense charged. The government did sufficiently prove such element, beyond a reasonable doubt, by the admission of the defendant himself in his plea of guilty, which must be considered the legal equivalent of a verdict of guilty by a jury, and which relieved the government of the necessity of further proof on that question of fact, thus put in issue, litigated, and decided. Biddle v. Luvisch, 287 F. 699 (C. C. A. 8). The present petition is filed in the same cause, and is, in essence and substance, in the nature of a motion for a new trial herein.

[3] It is now fully established by decisions of the United States Supreme Court that where, as here, the term at which a final judgment of a federal court has been rendered has expired, without the filing of any application to set aside such judgment, or to extend to a future term the time for filing such an application, such court is without jurisdiction or power to grant such an application filed at a subsequent term. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; United States v. Mayer, 235 U. S. 56, 35 S. Ct. 16, 59 L. Ed. 129.

Nor can the consent of the United States attorney confer such jurisdiction on the court. United States v. Mayer, supra; Greyerbiehl v. Hughes Electric Co., 294 F. 802 (C. C. A. 8); Pattison v. United States, 2 F.(2d) 14 (C. C. A. 9).

[4] It is true that at common law a judgment might be set aside after the expiration of the term at which it was rendered, in a limited class of cases involving fatal defects in the proceedings, by the writ of error coram nobis or the writ of error coram vobis, which writs have now been replaced in the federal courts by the ordinary motion to set aside the judgment; but even those writs were not applicable to cases where, as in the present case, the error complained of consisted of a mistake with respect to a fact put in issue by the parties and decided by the judgment so sought to be reviewed. Bronson v. Schulten, supra; Phillips v. Negley, supra; United States v. Mayer, supra; Manning v. German Insurance Co., 107 F. 52 (C. C. A. 8).

It follows that the motion must be denied, and an order will be entered accordingly.