## UNITED STATES v. ALI.

District Court, E. D. Michigan, S. D. July 18, 1927.

### No. 614.

1. **Judgment** ⟞═342(1)—**Motion to set aside decree, filed after expiration of term at which decree was entered, must be denied as beyond court's power.**

Where no effort was made during term at which decree was entered to have time for filing motion to set it aside extended beyond expiration of term, motion to set aside decree filed after expiration of term at which decree was entered must be denied as beyond power of court.

2. **Aliens** ⟞═71½(1)—**In suit by the United States to cancel certificate of citizenship, previous decision of court granting such certificate is not res judicata (8 U. S. C. A. § 405).**

In a suit by the United States for cancellation of a certificate of citizenship, pursuant to 8 U. S. C. A. § 405, previous decision of court granting such certificate is not, although rendered in legal proceeding between same parties, res judicata.

In Equity. Suit by the United States against John Mohammad Ali to cancel certificate of citizenship. Decree was entered, canceling the certificate (7 F.[2d] 728), and defendant moves to set aside decree. Motion denied.

John A. Baxter, Chief Asst. U. S. Atty., of Detroit, Mich.

Humphreys Springstun, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This cause is before the court on a motion by the defendant to set aside the decree heretofore entered herein canceling the certificate of citizenship theretofore granted to said defendant.

In 1912, this court granted to the defendant herein, John Mohammad Ali, a Hindu born in India, the certificate of citizenship just mentioned. In granting such certificate this court held, in accordance with what was then the weight of judicial authority in this country, that the defendant, notwithstanding his dark complexion, was, as a member of the Caucasian race, a "white person" within the meaning of section 2169 of the United States Revised Statutes (now section 359 of title 8 of the United States Code) limiting the privilege of citizenship to such persons and to persons of African nativity or descent. In 1923, the United States Supreme Court decided, for the first time, that a native Hindu was not such a "white person," and therefore was not eligible to such citizenship. U. S. v. Bhagat Singh Thind, 261 U. S. 204, 43 S. Ct. 338, 67 L. Ed. 616. Thereafter the present suit was brought by the United States, through the United States attorney for this district, for the cancellation of said certificate of citizenship, pursuant to section 15 of the Naturalization Act, now section 405 of title 8 of the United States Code, which then, as it does now, contained the following provision:

"It shall be the duty of the United States district attorneys for the respective districts, * * * upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

Considerable evidence was taken and arguments and briefs were submitted. One of the contentions urged by the defendant was that the previous decision of this court holding defendant entitled to citizenship was res judicata as to such question in the present suit. Thereupon this court filed a written opinion (reported as United States v. Ali [D. C.] 7 F.[2d] 728) holding that its previous order admitting the defendant to citizenship was not res judicata in this suit, that the defendant was not a white person, within the meaning of the naturalization statutes, and that therefore his certificate of citizen-

ship had been illegally procured and must be canceled. Accordingly, and on January 22, 1926, the final decree of this court was entered herein, decreeing that said defendant was not a free white person, nor a person of African nativity nor descent; that the certificate of citizenship previously issued to said defendant by this court was illegally procured within the meaning of the applicable statute; and that said certificate must therefore be "set aside, canceled, and held for naught." No further proceedings in this cause were had until June 20, 1927, when the motion now under consideration was filed.

This motion is based upon the opinion of the Circuit Court of Appeals for the Ninth Circuit in United States v. Sakharam Ganesh Pandit, 15 F.(2d) 285, decided November 1, 1926, in which that court held that an order granting a certificate of citizenship to an alien Hindu was res judicata in a subsequent suit by the United States for the cancellation of such certificate on the ground that it had been illegally procured.

[1] It will be noted that the motion to set aside the decree in question was not filed until after the expiration of the term at which such decree was entered, and that no effort was made, during said term, to have the time for filing such motion extended beyond the expiration of said term. For this reason alone, therefore, the present motion must be denied as being beyond the power of this court. The applicable rule in this connection was recently pointed out and applied by this court in its opinion in United States v. Luvisch, 17 F.(2d) 200, where the following language, which is equally applicable to the present case, was used:

"It is now fully established by decisions of the United States Supreme Court that where, as here, the term at which a final judgment of a federal court has been rendered has expired, without the filing of any application to set aside such judgment, or to extend to a future term the time for filing such an application, such court is without jurisdiction or power to grant such an application filed at a subsequent term. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; United States v. Mayer, 235 U. S. 56, 35 S. Ct. 16, 59 L. Ed. 129."

[2] Even if, however, this motion had been seasonably filed, it could not have been granted, as it is settled law that in a suit by the United States for the cancellation of a certificate of citizenship, pursuant to the statutory provision already quoted, the previous

decision of the court granting such certificate is not, although rendered in a legal proceeding between the same parties, res judicata. United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 359; United States v. Ovens, 13 F.(2d) 376 (C. C. A. 4); United States v. Ali, supra. It is plain that any other holding would render nugatory and meaningless the statute, already quoted, creating this special cancellation proceeding, for a certificate of citizenship cannot be canceled unless it has first been granted by a decision and order of a court. This is fully explained in the cases just cited, and is too clear to require further discussion here. It is true that a contrary conclusion was reached in the opinion of the Circuit Court of Appeals for the Ninth Circuit, already cited. That opinion, however, in view of the decision of the Supreme Court in United States v. Ness, supra (which was not mentioned in the opinion of the Circuit Court of Appeals just referred to), cannot be regarded as authoritative.

For the reasons stated, the motion must be denied. An order will be entered accordingly.