## DONALDSON v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
December 2, 1927.

No. 7027.

1. **Poisons** ⬤⟞9—**Possession of unstamped drugs is not evidence of sale without registering by person required to register (Harrison Anti-Narcotic Act, § 1, as amended [26 USCA §§ 211, 691–695, 704]).**

Possession of narcotic drugs in unstamped packages is not evidence of its unlawful sale without registering by a "person required to register," in violation of the first penal provision of Harrison Anti-Narcotic Act, § 1, as amended (26 USCA §§ 211, 691–695, 704; Comp. St. § 6287g).

2. **Criminal law** ⬤⟞323—**Presumption of unlawful purchase from possession of unstamped drugs does not extend to venue, and purchase within jurisdiction of court must be shown (Harrison Anti-Narcotic Act, § 1, as amended [26 USCA §§ 211, 691–695, 704]).**

The presumption, from possession of morphine in unstamped package made prima facie evidence of unlawful purchase by Harrison Anti-Narcotic Act, § 1, as amended (26 USCA §§ 211, 691–695, 704; Comp. St. § 6287g), does not extend to venue, and purchase within the jurisdiction of the court must be proved in view of Const. art. 3, § 2, and Const. Amend. 6.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Criminal prosecution by the United States against James Donaldson. Judgment of conviction, and defendant brings error. Reversed and remanded.

Hutchinson & Hutchinson, of Salt Lake City, Utah, for plaintiff in error.

Edward M. Morrissey, Asst. U. S. Atty., of Salt Lake City, Utah (Charles M. Morris, U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for the United States.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

LEWIS, Circuit Judge. [1] Plaintiff in error was convicted on the second and third counts of an indictment. The second count charged him with violation of the first section of the Harrison Anti-Narcotic Act as amended (26 USCA §§ 211, 691–695, 704; Comp. St. § 6287g), in that he was a dealer in narcotic drugs and had failed to pay the

special tax and register as such dealer with the Collector of Internal Revenue, as the section required. Construing this section we held in O'Neill v. United States, 19 F.(2d) 322, that it defined dealers as being those classed either as wholesale dealers or retail dealers; the former on registration and payment of a tax of $12.00 per annum could sell the drug lawfully *in* the original stamped package and the latter on registration and payment of a tax of $6.00 per annum could sell *from* the original stamped package; and that where one is charged as a dealer with violation of the section, in that, he had failed to register and pay the tax, it must be shown that defendant sold the drug either *in* or *from* the original stamped package. Absent such proof he was not required to register and pay the special tax,—in fact he could not have registered and was not required to do so unless he intended to deal in the stamped drug. And so, we held that the presumption which the section attached to the possession of unstamped drugs could not be applied to this charge, failure of a dealer to register and pay the tax. The possession of unstamped drugs does not constitute proof that defendant had possession of, and dealt in, the stamped drugs. The proof in that case, as in this one, failed to show that defendant ever had possession of drugs in the original stamped packages. It only tended to show that on one occasion he had a package of unstamped drugs, and that did not constitute him a dealer, one who was required to register and pay the tax as charged in the second count.

[2] The third count charged him with purchasing morphine, the same not being in the original stamped package or from the original stamped package, and he not having then and there obtained said drug from a registered dealer or physician on a prescription. There was no direct evidence of a purchase by defendant. The prosecution relied on the statutory presumption attached to possession by the section to sustain the charge of purchase of the unstamped package. There was no evidence tending to show that the alleged purchase was made within the court's jurisdiction, or where it was made or when. We held in Brightman v. United States, 7 F.(2d) 532, on this identical proposition, that the statutory presumption did not include the subject of venue, that there must be some proof that the crime charged was committed within the jurisdiction of the court, and without that proof the court could not assume it had jurisdiction over the subject matter and the right to punish defendant and restrain him of his liberty. Certainly, the defendant was not required to furnish this proof or to show that he had committed the offense charged elsewhere. "Crimes are in their nature local and the jurisdiction of crimes is local." Judicial power is so limited. Article 3, § 2, of the Constitution and the Sixth Amendment. It was necessary to lay the venue in the indictment, that was done; and to prove it by direct or circumstantial evidence, that was not done. Hence, there was no proof from which it can be said the court had jurisdiction of the crime charged and power to punish defendant therefor. Furthermore, the court in one part of its instructions submitted the third count to the jury as charging a sale. It said: "In substance, it is an offense under this statute for any person not being registered and not having paid the tax to sell narcotic drugs. So upon the third count of this indictment your inquiry will be whether or not the defendant in this case made a sale of this drug to the man McCarty as claimed by the government. If you shall find beyond a reasonable doubt that such a sale was made, the defendant would be guilty." This was followed, it is true, by a statement from the court that if the jury found that he had possession of the drug it might infer that he had unlawfully purchased it, but the court said nothing in that connection contrary to the views which it had already expressed, that the third count charged a sale.

The first count of the indictment charged the defendant with unlawful possession of the same drug named in the second and third counts; but for some reason not disclosed by the record here that count was not submitted to the jury. The court submitted the case to the jury upon the second and third counts only, verdicts were returned only on those counts and sentences imposed on them.

Reversed and remanded.