**1**

**William C. Reid, Managing Owner of the Schooner Georgia D. Jenkins, Appellee, v. Steam Tug DISPATCH, Her Engines, etc.; Newtown Towing Company, Appellant. City of New York, Impleaded, Appellee.**

Circuit Court of Appeals, Second Circuit. June 4, 1928.

No. 297.

Appeal from the District Court of the United States for the Eastern District of New York.

Alexander & Ash and Edward Ash, all of New York City, for appellant.

Macklin, Brown, Lenahan & Speer and Gerald J. McKernan, all of New York City, for appellee Reid.

George P. Nicholson, Corp. Counsel, of New York City, and Charles J. Carroll, and William J. Leonard, all of Brooklyn, N. Y., for appellee City of New York.

Before MANTON, L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Decree affirmed.

---

**2**

**FRANKLE BROTHERS COMPANY, Plaintiff in Error, v. Carl F. ROUTZAHN, Defendant in Error.**

Circuit Court of Appeals, Sixth Circuit. July 6, 1928.

No. 5091.

In Error to the District Court for the Northern District of Ohio; D. C. Westenhaver, Judge.

Frankel, Brunenkant & Frankel and Max P. Goodman, all of Cleveland, Ohio, for plaintiff in error.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and C. M. Charest, General Counsel Bureau of Internal Revenue, and Wm. E. Davis, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Overlooking any lack of detail in the assignments of error, yet they do not attempt to raise any substantial question, excepting whether the testimony required the opposite result, and the judgment must be affirmed, upon the authority of Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L.

Ed. 401; Fleischman v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Oyler v. Cleveland (C. C. A. 6) 16 F.(2d) 455.

The stipulation of facts does not supply the lack of findings, for the stipulation is incomplete. It covers only the undisputed matters; but the questions whether there had been, in fact, any loss of good will, or any loss by a shortage, are not stipulated. Not only is there no finding that such loss had been incurred, but the opinion of the trial judge[1] indicates, to say the least, his doubt.

---

**3**

**Thomas GARGANO and Thomas Pollina, Plaintiffs in Error, v. UNITED STATES, Defendant in Error.**

Circuit Court of Appeals, Second Circuit. June 15, 1928.

No. 362.

In Error to the District Court of the United States for the Western District of New York.

H. H. Cohen, of Rochester, N. Y., for plaintiffs in error.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Judgment reversed in open court.

---

**4**

**James R. HATMAKER, Appellant, v. DRY MILK COMPANY, Appellee.**

Circuit Court of Appeals, Second Circuit. May 7, 1928.

No. 225.

Appeal from the District Court of the United States for the Southern District of New York.

James R. Hatmaker, of New York City (John M. Gardner, of New York City, of counsel), for appellant.

Briesen & Schrenk, of New York City (Fritz v. Briesen, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. Decree affirmed.

[1] Oral opinion. No written opinion filed.