## RUSSELL v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
May 21, 1928.

No. 351.

Poisons ⬅4—Law requiring registration of dealers in narcotics held inapplicable to one dispensing narcotics from unstamped packages (Harrison Act, § 1 [26 USCA § 211]).

Requirement of Harrison Act, § 1 (26 USCA § 211; Comp. St. § 6287g), for registry of dealers in narcotics, held inapplicable to person dispensing narcotics from unstamped packages, as making any dealing in unstamped packages itself unlawful.

In Error to the District Court of the United States for the Western District of New York.

Edward B. Russell was convicted for giving away narcotics as a dealer without being registered, and he brings error. Reversed.

In Error to a judgment of the District Court for the Western District of New York convicting the defendant under section 1 of the Harrison Act.

Samuel M. Fleischman, of Buffalo, N. Y., for plaintiff in error.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Harold E. Orr, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The indictment charged the defendant with giving away narcotics as a "dealer" without being registered as required by section 1 of the Harrison Act (26 USCA § 211; Comp. St. § 6287g). It did not allege, and the proof did not show, that the narcotics given away were in stamped packages, or that the defendant dealt in such. Hence the question is whether the requirement for registry applies to one who dispenses narcotics from unstamped packages as well as to those who dispense from stamped. The negative was decided in O'Neill v. U. S., 19 F.(2d) 322 (C. C. A. 8); Butler v. U. S., 20 F.(2d) 570 (C. C. A. 8); Donaldson v. U. S., 23 F.(2d) 178 (C. C. A. 8); Gerardi v. U. S., 24 F.(2d) 189 (C. C. A. 1); Weaver v. U. S., 15 F.(2d) 38 (C. C. A. 6). We should not be disposed to take another view in the face of the holding of three circuits unless we were very confident of our opinion.

The prosecution argues, however, that Nigro v. U. S., 48 S. Ct. 388, 72 L. Ed. ——, decided by the Supreme Court on April 9, 1928, puts another light on this part of section 1. The decision concerned section 2 (26 USCA § 696; Comp. St. § 6287h), and holds nothing to the contrary of the decisions cited. The only expression looking in favor of the construction now asserted is that portion of the opinion in which the Chief Justice spoke of the defendant's argument that section 2 was redundant, if it included persons required to register. He repudiated this argument on the ground that such redundancy was not a conclusive argument. From this we do not understand that the court meant to say that the provisions for registration covered persons who dealt in unstamped packages. Section 2 is pro tanto redundant even if the provision for registration is limited to sellers of stamped packages. At any rate it would be an unwarranted assumption to say that this disposition of the defendant's argument was intended to give countenance to the assumed scope of the registration provision; it may have merely assumed that construction arguendo.

In general we think that it is a stretch of words to say that persons dealing in contraband narcotics are among those "required to register under the provisions" of the act. Those so required had just been defined in the section, and, as the whole lawful trade presupposed dealing in stamped packages, we should suppose that only those were required to register who dealt in these. It would of course be possible to read the language more broadly, but it is not necessary. Section 1 itself makes any dealing in unstamped packages unlawful and that catches the dealers in contraband. True, it is not conclusive that the two provisions should overlap, Nigro v. U. S., but it is something, perhaps more telling because the two provisions occur in the same amended section. At least we may say that we are unable to reach a firm conviction to the contrary of what our brothers in the other circuits have decided.

Judgment reversed.