**FLYNN v. TEMPLETON, U. S. Atty., et al.**

District Court, W. D. New York. November 19, 1929.

Hugh J. O'Brien, of Rochester, N. Y., for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., for defendants.

HAZEL, District Judge. In this suit in equity, a unique situation is presented by the bill, which avers that complainant, after being indicted for violation of a federal statute —the Harrison Narcotic Act—on his plea of not guilty, was, in September, 1925, tried and convicted on the first count and sentenced to two years in the federal prison at Atlanta, Ga. The bill avers that such count of the indictment failed to allege any offense against the United States, and that the proceedings taken were wholly void under the Fifth Amendment of the Constitution, and prays that the record of his conviction be canceled and erased. Following his conviction, an appeal was taken to the Circuit Court of Appeals, and the determination of the jury affirmed. (See 17 F.(2d) 1012.) The basis of his asserted right to relief in equity rests upon a subsequent decision by the Circuit Court of Appeals in U. S. v. Russell, 26 F.(2d) 363, wherein, on a similar count of the indictment, the Circuit Court of Appeals ruled that failure to charge that the accused dispensed narcotics from stamped packages or registered as a dealer under section 1 of the Har-

rison Narcotic Act (26 USCA § 211) was a fatal defect, and conviction was reversed.

The government demurs to the bill, claiming that, since the term at which the conviction was had has long since expired, this court is without jurisdiction. The indictment accusing complainant of a violation of the Harrison Narcotic Act contained three counts— the first simply charging him with being a person who dealt in narcotic drugs and who unlawfully sold, dealt, and dispensed to one Brooks a quantity of heroin hydrochloride not in pursuance of any written order or on a form issued by the Commissioner of Internal Revenue to defendant, who was a duly licensed physician registered under the Harrison Narcotic Act. The second count also stated the offense of sale and distribution to another person in substantially the same way; while the third was a charge of possession under section 8 of the Act (26 USCA § 700). It will be assumed that the indictment was defective for insufficiency, although concededly no question was raised on the trial, or by motion to quash, or in arrest of judgment, or on appeal challenging the validity of the indictment, of the count of which defendant was convicted.

█ It is well understood in federal practice and procedure that after the term of court terminates or expires at which a case is tried, and judgment entered (unless the term is extended by order), the trial court cannot vacate or alter the judgment. When the term has finally passed, the court is without power and jurisdiction to correct the judgment either by granting a new trial for errors committed at the trial, or because of newly discovered evidence, or to relieve the aggrieved party either by suing out a writ of error and allowing an appeal, or preparing a bill of exceptions. Nor has the court power, either in civil or criminal cases, to modify its final judgment for errors at law. And, as Mr. Justice Hughes, writing for the Supreme Court of the United States, substantially declared in U. S. v. Mayer, 235 U. S. at page 69, 35 S. Ct. 16, 20, 59 L. Ed. 129, the jurisdiction of the District Court in criminal cases is of limited scope and the power can only be exercised to vacate its judgments for errors of fact of the most fundamental character, "that is, such as rendered the proceeding itself irregular and invalid." The lapse or error of sufficient allegation in the indictment was not, in my opinion, such an error of matters of fact as to void the judgment from the beginning. It was an error of law which the District Court, on motion to quash, or the Circuit Court of Appeals could have correct-

ed by reversing the conviction. Notwithstanding the assumed fatal defect of count 1, the court had jurisdiction of the offense and of the person of the accused. The question whether a crime was not charged was one which this court was competent to decide, subject to review on appeal. Serra v. Mortiga, 204 U. S. 470, 27 S. Ct. 343, 51 L. Ed. 571.

The case of People ex rel. Battista v. Christian, 249 N. Y. 314, 164 N. E. 111, 61 A. L. R. 793, cited by counsel for complainant, does not support complainant's right to annullment of the conviction in an equitable suit. There the relief sought was by habeas corpus after conviction, the defendant having pleaded guilty to the crime of burglary on information. The court ruled that, under the Constitution of this state, such an accusation required indictment of a grand jury, and hence the judgment was void ab initio.

In U. S. ex rel. Nusbaum v. Craig (D. C.) 1 F.(2d) 480, the question of invalidity of the indictment was also raised by writ of habeas corpus at the same term at which the accused was sentenced on his plea of guilty. █ Neither of these cases bear directly upon the question now before the court. It is my opinion that complainant's omission to challenge the validity of the conviction, according to the mode of procedure in the federal courts, does not confer any right in equity to cancel the conviction or vacate the judgment; and civil cases, wherein judgments were avoided in the state courts for lack of jurisdiction, in view of the decision in the Mayer Case, supra, are unavailing.

The rule, of general application, is that ignorance of law affords no excuse for either a wrong done or a right withheld; and, though there are exceptions arising from mistakes of law, yet, to fall within the exception, the mistake must be in consequence of fraud, deceit, or misrepresentation, or from error which misled the party seeking relief through the acts of the other party. See Utermehle v. Norment, 197 U. S. 57, 25 S. Ct. 291, 49 L. Ed. 655, 3 Ann. Cas. 520. And in Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797, there is an illuminative passage in the opinion, which reads as follows: "If, then," said the court, "there was no question * * * of the power of the court over its own judgments after the term at which they are rendered, and if this were a bill in chancery to set aside this judgment on the ground of mistake, it is clear that no relief could be granted, because of the negligence, carelessness, and inattention and laches of the plaintiffs, or of their attorney, in the matter."

While it is axiomatic that equity will afford relief where an adequate remedy cannot be had in the courts of the common law, yet this rule depends upon facts and circumstances which peculiarly appeal to the chancellor as within the province of a court of equity. In this case, as already pointed out, the procedure to remedy the invalidity of the judgment of conviction is clear, and, since complainant has not availed himself of his rights, a court of equity is without power to grant the relief which is herein sought.

The bill is without equity and must be dismissed.