**FLYNN v. TEMPLETON et al.**

District Court, W. D. New York.
Aug. 8, 1932.

Hugh J. O'Brien, of Rochester, N. Y., for complainant.

Richard H. Templeton, Dist. Atty., and Justin Morgan, Asst. Dist. Atty., both of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

This case presents an unusual question. In September, 1925, defendant was convicted for violation of section 2 of the so-called Har-

rison Narcotic Act (26 USCA § 696). He was thereupon sentenced to serve two years and six months in Atlanta Penitentiary. He was paroled in November, 1928. The Circuit Court of Appeals for the Second Circuit affirmed the judgment of conviction. Flynn v. U. S., 17 F.(2d) 1012. It is conceded now that the indictment in this case was defective, following subsequent decisions by the Circuit Court of Appeals in this circuit. Russell v. U. S., 26 F.(2d) 363; Gargano v. U. S., 26 F.(2d) 1018. The defect arose from the failure to allege a material part of the act. No motion was ever made for a rehearing before the Circuit Court of Appeals, and complainant's time in which to apply for certiorari to review the decision of that court has long since expired. A motion, however, to vacate the judgment was made after the time to make such application had run. In 1929, a bill in equity was filed by complainant to cancel of record complainant's aforesaid conviction. Defendant moved to dismiss such bill upon the ground that the court was without power to grant the relief sought. That motion was granted and the decision in the case is reported in Flynn v. Templeton, U. S. Attorney (D. C.) 36 F.(2d) 499, 501. In concluding his opinion in that case, Judge Hazel stated, "The bill is without equity and must be dismissed." Upon defendant's stipulation, an order was granted vacating the judgment dismissing the bill, and thereafter an order was granted permitting the complainant to file an amended bill of complaint. The amended bill of complaint sets up a further or new ground for the intervention of equity. It is alleged that the action is brought to "redress the deprivation under color of law, of a right secured * * * by the Constitution of the United States, to wit, Amendment No. 5, which provides in substance that no person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a Grand Jury." Such right in the instant case is the right to practice medicine under the laws of the various states of the United States.

Defendant moves to dismiss on the ground that the court has no jurisdiction of the subject-matter of the amended bill of complaint and further that said amended bill of complaint is without equity. The question broadly is whether a defendant convicted of a crime insufficiently charged in an indictment, and where no question of the jurisdiction of the court to try the crime sought to be charged is raised, can obtain relief from such conviction through action upon the equity side of this court, or whether the defendant is precluded therefrom by the conviction and by the expiration of his time in which to appeal. A decision finally sustaining this bill of complaint would be far-reaching in its effect. The court in the exercise of its equity powers might be called upon frequently to act in similar cases, limited only by the question of laches.

A clear statement of the power of the court to vacate a judgment of conviction is found in U. S. v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 19, 59 L. Ed. 129. In that case, after conviction and sentence and while an appeal was pending, application was made to set aside the judgment of conviction upon the ground of illegal action during the trial. Citing numerous cases in support of its position, the court says in part: "In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term."

In U. S. v. Murray, 275 U. S. 347, 48 S. Ct. 146, 149, 72 L. Ed. 309, the question was whether a District Court had power to grant probation after sentence had been imposed and while the term at which it was imposed was pending. Certain language of the court is pertinent here. In discussing the question as to whether the court could grant probation at any time during the whole sentence or whether it should be limited to a time before execution of sentence begins, the court said: "If the first answer is adopted, it would confer very comprehensive power on the district judges in the exercise in what is very like that of executive clemency in all cases of crime or misdemeanor. It would cover in most cases the period between the *imposition of the sentence and the full execution of it.* It would cover a period in which not only clemency by the President under the Constitution might be exercised but also the power of parole by a board of parole abating judicial punishment to the extent of two-thirds of it as to all crimes punishable by imprisonment for more than one year. It seems quite unlikely that Congress would have deemed it wise or necessary thus to make applicable to the same crimes at the same time three different methods of mitigation." So here, if the contention of the complainant is correct, under certain circumstances, there would be three different methods of canceling or setting aside the judgment, to wit, by appeal and reversal, by executive pardon, and by an action such

as brought here. The only statutory power of review is by appeal. As was said in the Mayer Case: "In cases of prejudicial misconduct in the course of the trial * * * as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial * * * and, in accordance with the established principles which have been repeatedly set forth, * * * cannot be entertained * * * after the expiration of the term at which the judgment was entered."

Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 905, 29 L. Ed. 1013; U. S. v. Ball, 163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300; Kepner v. U. S., 195 U. S. 100, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655; Harley et al. v. U. S. (C. C. A.) 269 F. 384, 386; U. S. v. Luvisch (D. C.) 17 F.(2d) 200, 201, and U. S. v. Ali (D. C.) 20 F.(2d) 998, cited by defendants, are in accord with the above-mentioned cases. In Harley v. U. S., supra, a motion for new trial was denied upon the ground that the court had no power to entertain it; the term at which judgment was entered having expired. The court on appeal held this ruling to be correct and said: "In short, the federal authorities broadly hold that, after the term expires at which a case is tried and judgment entered, the trial court cannot set aside or alter its judgment, except as permitted by standing rule or provided for by special order." In U. S. v. Luvisch, supra, an application was made to set aside a judgment rendered at a term previous to that in which the application was made. Say the court: "The sole question involved is whether, assuming the material allegations of said petition to be true * * * this court has power at this time, after the expiration of the term at which the judgment complained of was rendered, to set aside such judgment on a petition filed after the expiration of such term." Say the court: "It is now fully established by decisions of the United States Supreme Court that where, as here, the term at which a final judgment of a federal court has been rendered has expired * * * such court is without jurisdiction or power to grant such an application filed at a subsequent term." Plaintiff concedes that this decision accords with the decision in the case of Phillips v. Negley, supra, in which it was held that final judgments at law cannot, through proceedings taken after the term had ended, be annulled for errors of fact or law by the court which rendered them.

Sibbald v. U. S., 12 Pet. 488, 9 L. Ed. 1167; Cameron v. McRoberts, 3 Wheat. 591, 4 L. Ed. 467; Bank of Kentucky v. Wistar, 3 Pet. 431, 7 L. Ed. 731; The Palmyra, 12 Wheat. 1, 6 L. Ed. 531, cited in Phillips v. Negley, supra, are authority for the position that "no court can reverse or annul its own final decrees or judgment for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes." The court states that "bills of review in cases in equity, and writs of error coram vobis at law, are exceptions which cannot affect the present motion."

Complainant contends that these authorities are inapplicable where the action is in equity as here. He points attention to certain references in some of these and other cases to support his position. In Phillips v. Negley, supra, the court said: "It is equally well established by the decisions of this court that the appropriate remedy for relief against judgments at law wrongfully obtained is by a bill in equity, and the cases in which that remedy is applicable have been clearly defined." Citing Marine Insurance Co. v. Hodgson, 7 Cranch, 332, 3 L. Ed. 362, and Hendrickson v. Hinckley, 17 How. 443, 445, 15 L. Ed. 123. It was said in Johnson v. Towsley, 13 Wall. (80 U. S.) 72, 84, 20 L. Ed. 485, a case involving the determination of the land office in issuing letters patent to certain lands: "On the other hand there has always existed in the courts of equity the power in certain classes of cases to inquire into and correct mistakes, injustice, and wrong in both judicial and executive action * * * when it invades private rights." In U. S. v. Mayer, we find this language: "There are certain exceptions. [To the rule that a court can not set aside a judgment after the end of the term at which rendered.] In the case of courts of common law,—and we are not here concerned with the special grounds upon which courts of equity afford relief." In Hendrickson v. Hinckley, supra, it was said: "A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense," etc. Pickford v. Talbott, 225 U. S. 651, 32 S. Ct. 687, 56 L. Ed. 1240, was an action in equity to restrain the enforcement of a judgment and recognized the right to maintain an action to restrain the enforcement of a judgment in a civil action under certain circumstances. In Marshall v. Holmes, 141 U. S. 590, 12 S. Ct. 62, 35 L. Ed. 870, an action was brought to set aside judgments obtained in civil actions in a state court, and there numerous cases are cited in support of the opin-

ion that a civil action in equity is maintainable to set aside a judgment obtained through fraud.

The equity power of this court is bestowed by the provision of law found in the Judicial Code, title 28, § 41 (14), USCA. It is provided that such court has original jurisdiction "of all suits at law or in equity authorized by law to be brought," etc. It certainly cannot be said that there is any express provision by law authorizing an action such as this.

The courts have said there are certain exceptions under which a judgment might be set aside after the expiration of the term at which it was rendered. They have not laid down any rule determinative of such exceptions. Reliance is placed on U. S. ex rel. Nusbaum v. Craig (D. C.) 1 F.(2d) 480, as pointing an exception in a criminal case, but there the writ of habeas corpus was sued out during the term at which the conviction was had.

A different question would be presented if the court had not jurisdiction of the offense. Complainant asserts that it had no jurisdiction and that the indictment is void because it charges no offense. The commission of an offense is charged in the indictment, although the indictment does not contain a statement of all of the facts necessary to be set out upon that charge. It charges that complainant dispensed and sold a drug contrary to the provisions of the statute therein mentioned. Judge Hazel, in Flynn v. Templeton (D. C.) 36 F.(2d) 499, 500, supra, said, referring to this indictment: "Notwithstanding the assumed fatal defect of count 1, the court *had jurisdiction of the offense* and of the person of the accused. The question whether a crime was not charged was one which this court was competent to decide, subject to review on appeal." The rule is well stated in Re Eckart, Petitioner, 166 U. S. 483, 17 S. Ct. 638, 41 L. Ed. 1085, that: "The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offense against the statute claimed to have been violated. In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and * * * acts within its jurisdiction." In that case defendant had been found guilty of murder and the court fixed the degree.

In re Gregory, 219 U. S. 213, 31 S. Ct. 143, 55 L. Ed. 184, Ex parte Belt, 159 U. S. 95, 15 S. Ct. 987, 40 L. Ed. 88; Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147, and numerous other cases are authority for the position that habeas corpus will not lie to perform the office of an appeal or writ of error. No writ of habeas corpus is involved here, but the basis of the rule laid down in those cases is that a judgment may not be attacked collaterally, or other than by appeal, where the court had jurisdiction of the offense. It was said in U. S. v. Ball, 163 U. S. 662, 16 S. Ct. 1192, 1195, 41 L. Ed. 300, where a defendant once acquitted was indicted later in an indictment against himself, and two others who had been convicted on the trial with him and who had secured a reversal on appeal: "But, although the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error, and until so avoided cannot be collaterally impeached."

The English writ of error, coram vobis, has its counterpart in our motion in the case, and has been allowed in a few cases only, such as where a party had died preceding the taking of the judgment, that a party was an infant and had no guardian, some error in the proceedings, and the like. A motion would not lie to set aside this judgment on the ground that it comes within the exception of the class of cases which entitle one to a writ of coram vobis under the English practice. No case has been called to my attention in which a bill in equity has been sustained to vacate and set aside a criminal conviction after the time to take the statutory remedies for a review had run. It is my view that where, as here, defendant has been tried and convicted on an indictment insufficient in its allegation to constitute the commission of the offense named in the indictment, and the trial court had jurisdiction of the particular offense, an equitable action to vacate and set aside the judgment of conviction will not lie.

The situation is unfortunate for this complainant. The court regrets his dilemma, but such regret cannot affect the obligation to decide the law as it sees it.

Motion to dismiss is granted.