## NEEDHAM v. UNITED STATES.
### No. 5759.

Circuit Court of Appeals, Seventh Circuit.
March 23, 1937.

William A. Rogan and George I. Haight, both of Chicago, Ill., for appellant.

M. L. Igoe, U. S. Atty., and Warren Canaday and Edmond Sullivan, Asst. U. S. Attys., all of Chicago, Ill.

Before EVANS, SPARKS, and AL-SCHULER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the question of the right of a party, convicted in a federal court of a violation of the federal laws, to file a bill of review in equity after he has served his sentence for the crime, to falsify and avoid the record of the conviction, upon a showing that one of the pieces of evidence relied upon by the Government to prove his guilt was subsequently declared by the Government to be untrue.

Appellant is an attorney who was convicted on March 30, 1934, along with certain other defendants, of using the mails to defraud. He was sentenced to one year's imprisonment. On appeal to this court the judgment was affirmed [73 F.(2d) 1], and an application for certiorari was denied by the Supreme Court. 294 U.S. 705, 55 S.Ct. 351, 79 L.Ed. 1241. Appellant thereafter served his sentence, and was discharged on December 2, 1935. On January 24, 1936, he filed in the District Court, under the title and number of the original criminal proceeding, a petition for leave to file a bill of review, for the purpose of falsifying and impeaching his conviction and sentence, by reason of new matter arising thereto and dehors the record. Leave to file the bill of review was denied, and it is from this order that appellant appeals.

The new matter upon which appellant relied was a suit filed December 15, 1934, by the Government, to recover what was alleged by it to have been an erroneous refund of income tax.

The crime with which appellant and his co-defendants were charged was violation of the Mail Fraud Act, in using the mails in the sale of the securities of H. O. Stone and Company after those securities had become practically worthless, due to the failing condition of the company; in circulating false reports of the earnings and assets of the company; and in inducing investors to surrender valuable securities in exchange for worthless obligations of the Company. As one of the items of evidence to prove the poor financial condition of the company, the Government introduced a petition filed in November, 1930, for refund of the $71,478 taxes paid by the company for the year 1928, on the basis of which petition the refund was in fact made to the receiver of the company by the Commissioner of Internal Revenue. Subsequent to the conviction and the affirmance by this court, the Government filed a suit against the receiver of the Stone Company alleging that the refund had been erroneously allowed and paid in that the company did have earnings for the year 1928, and did become indebted for the taxes which it had paid and which had been refunded through error. Appellant asserts that his conviction was founded upon the evidence as to false representations of the income for 1928. Hence, he contends, upon the admission by the Government of the falsity of this evidence as indicated by its suit for the erroneous refund, it follows that the conviction based on it should be vacated. He further asserts that only by actually falsifying the record and vacating the judgment of conviction can the court afford him adequate relief. This is due to the fact that as long as the record stands, he is subject to being deprived of the right to practice his profession, or various other professions which he might otherwise be entitled to follow. He sets out reasons why the writ of coram nobis, the writ of audita querela, or executive pardon would be inadequate to afford him relief, and why, therefore, it follows that he was entitled to

a decree adjudging that the record of his conviction and sentence were founded upon a false hypothesis of fact, hence null and void.

 As the case is presented to us, it is unnecessary for us to determine whether appellant is correct in his contention that his conviction was erroneous. The sole question presented is whether he was entitled, by means of a bill of review, to have the record of the criminal proceeding wherein he was convicted, reopened after the judgment had been affirmed on appeal, and he had served the entire sentence and been discharged. We are convinced that he had no such right. He filed his petition as ancillary to the original proceeding in order to ensure service on the Government, which he named as party defendant to his ancillary proceeding, and which could not be made a party if the proceeding were an original one, since jurisdiction to sue the Government does not exist unless there is specific congressional authority for it. The difficulty, however, is that there was nothing to which ancillary jurisdiction could attach, since the court had already lost jurisdiction of the original cause both by passage of time, and by execution of the judgment.

 Appellee has cited a case strikingly similar to the one at bar in many respects, Flynn v. Templeton (D.C.) 1 F.Supp. 238. There a party who had been convicted of a crime, which conviction was affirmed on appeal by the Circuit Court of Appeals [Flynn v. U. S., 17 F.(2d) 1012], had served part of his sentence and then been paroled. It was subsequently conceded that the indictment in his case was defective, and he filed a bill in equity to cancel the record of his conviction. The bill was dismissed. (D.C.) 36 F.(2d) 499. Later, upon stipulation, an order was entered vacating the judgment dismissing the bill, and he was allowed to file an amended bill of complaint, setting up new ground for the intervention of equity, to "redress the deprivation of a right secured by the Constitution" (Amend. 5), the right being to practice medicine. The court there carefully reviews the authorities on the subject, arriving at the conclusion that where a defendant has been tried and convicted on an insufficient indictment, and the trial court had jurisdiction of the particular offense, an equitable action to vacate and set aside the judgment will not lie. We are thoroughly in accord with the reasoning of this case. Appellant here attempts to distinguish this case on the ground that the

remedy sought was not by bill of review, that the sentence had not been fully performed, that the insufficiency of the indictment had not been questioned before the trial court or on appeal, and that that bill in equity made the district attorney, clerk of the court and marshal the only defendants, rather than the United States. The fact remains, however, that relief was sought in equity to vacate a judgment after the term had expired, and after the conviction had been affirmed on appeal, and after at least part of the sentence had been served, and that the reason why equitable relief was sought was to prevent the defendant from suffering one of the consequences of his conviction, namely, denial of the privilege of continuing the practice of his profession. Whether such bill was called a bill of review or not appears to us to be immaterial. As a matter of fact, a bill of review is an appropriate remedy only in relation to a final decree in equity (see Mineral Development Co. v. Kentucky Coal Lands Co. [D. C.] 285 F. 761, affirmed [C.C.A.] 285 F. 1021), hence could not be used in any event to review a judgment at law. However, if appellant were entitled to equitable relief, his misnomer of the relief sought would not necessarily defeat his application for it. In this case, we are convinced that no such right exists, and that there was no error in the action of the District Court in denying leave to file the bill of review.

Order affirmed.