## OLIVER v. UNITED STATES.
### No. 4546.

Circuit Court of Appeals, Seventh Circuit.
Dec. 2, 1931.

Rehearing Denied Jan. 5, 1932.

James J. Barbour, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Jacob I. Grossman and Dwight H. Green, Asst. U. S. Attys., all of Chicago, Ill.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

Appellant was charged in four separate indictments with violations of the income tax laws.

For the purpose of trial, the four indictments were consolidated, and a jury trial waived. A finding and judgment of guilty was entered upon three indictments and of not guilty upon one indictment. Two of

the indictments upon which appellant was tried and convicted charged that he did willfully attempt to evade and defeat certain income tax for which it is charged he is liable for the calendar year 1927. The other indictment upon which he was tried and convicted was in three counts; the first charging that he did willfully fail to make an income tax return for the year 1926, the second for the year 1927, and the third for the year 1928.

The two indictments charging a willful attempt to evade and defeat the income tax are based upon section 1114 (b) of the Revenue Act of 1926 (26 USCA § 1266) which reads as follows: "Any person required under this act to collect, account for and pay over any tax imposed by this Act, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this Act or the payment thereof, shall, * * * be guilty of a felony."

The indictment charging a willful failure to make an income tax return is based upon section 1114 (a) of the Revenue Act of 1926 (26 USCA § 1265) which reads as follows: "Any person required under this Act to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, * * * be guilty of a misdemeanor. * * *"

It is also provided in the Revenue Act that every individual having a net income for the taxable year of $3,500 or over, if married and living with husband or wife, and every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income, shall, under oath, make a return stating specifically the items of his gross income and the deductions and credits allowed. 26 USCA § 964. If the return is made for the calendar year, it shall be· made on or before the 15th ·day of March following. The term "gross income" as used in the Revenue Act is defined as follows: "The term 'gross income' includes gains, profits, and income derived from salaries, wages, or compensation .for personal service * * * of whatever kind and in what-

ever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer. * * *" 26 USCA § 954.

■ Appellant attacks the validity of the indictments and the legality of the sentences, as imposed by the trial judge. Indictments similar to those in this case have recently been upheld by this court. The legality of sentences similar to those imposed in this case, and the manner in which such sentences were fixed have also been before this court in recent cases, and their validity has been upheld. It is therefore not necessary to discuss the law governing the sufficiency of the indictments or the authority of the trial court to pronounce sentence on each indictment and the various counts thereof, because such law is well established. O'Brien v. U. S. (C. C. A.) 51 F.(2d) 193, certiorari denied, 52 S. Ct. 129, 76 L. Ed. ——; Capone v. U. S. (C. C. A.) 51 F.(2d) 609, certiorari denied, 52 S. Ct. 44, 76 L. Ed. ——.

■ Appellant was, during the years 1926, 1927, and 1928, a married man, residing with his family in Chicago Heights, Cook county, Ill. He was a member of the board of assessors of Cook county, and as such received a salary of $9,000 per year, which, under the law, was not taxable for income tax purposes. He did not, at the time required by law, file an income tax return for either of the years in question, but, after an investigation had been conducted by the government, he did. file, in August, 1929, a return with the collector of internal revenue for each of those years. He failed, however, in such return to give the amount of his gross income, as required by law, but did give an amount which he said represented his net income, upon which he paid tax and interest.

Appellant had been very active as a political leader in his section of the county for many years. He was also connected with the board of assessors, as clerk or secretary, for a long time prior to his appointment as a member of that board. His testimony is that he handled a great deal of money for other persons during a po-

litical campaign, in addition to money which he handled in playing the races, etc. Many transactions are shown in the evidence in which he handled large sums of money. An examination of his bank accounts disclosed that a sum of money in excess of $450,000 passed through such accounts during the three years in question. This alone, perhaps, is not sufficient to justify the conclusion that this was all income, but it is substantial evidence to be considered in determining that question. Appellant kept no books, not even check stubs, from which an intelligent examination might be had to determine the source of the money constituting those deposits. He attempted orally to explain various transactions, but a careful examination of the testimony convinces us that a great deal of this amount was money received by appellant as his own and was from sources other than from his salary. When we say "a great deal of this amount" we mean a substantial amount; that is, an amount that requires, under the law, a return to be filed for income tax purposes. Reference need be made to only one transaction to demonstrate the truth of this statement. In a single instance a check in the sum of $18,731.55 was traced directly to his bank account. His explanation of the Wieboldt transaction, in which this check was involved, was heard by the trial court, and it evidently was not impressed with such explanation. The court was amply justified in finding this sum was paid to him as a bribe.

The question of willfulness enters into and is a part of the offense charged in each indictment. Appellant was a man of wide experience extending over a period of many years, and the fact that he had such a large income during the years in question, some of which was derived from questionable sources, and that he did not even respect the law enough to file a return, is sufficient in itself to justify the conclusion that such failure was willful. He had a reason, a motive, for not filing such a return.

No good purpose will be served by continuing this discussion. There is no question but that appellant had an income for each of the years in question which was greatly in excess of the exemption to which he is entitled. The evidence convinces us that he willfully attempted to evade and defeat his income tax, and that he willfully failed to make returns for the three years in question.

There is sufficient evidence to support the finding of the trial court, and its judgment is affirmed.