## STURCZ et al. v. UNITED STATES.

### No. 4733.

Circuit Court of Appeals, Third Circuit.

Feb. 29, 1932.

Harry H. Weinberger and Minturn & Weinberger, all of Newark, N. J., and Max Zucker, of New York City, for appellants.

Phillip Forman, U. S. Atty., and Walter B. Petry, Asst. U. S. Atty., both of Trenton, N. J.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court entered upon a verdict of a jury convicting the appellants of violating the National Prohibition Act (27 USCA).

A criminal information was filed against the defendants containing two counts. The first count charged them with unlawful possession of intoxicating liquor, and the second charged them with maintaining a common nuisance, in that they maintained a barroom at 184 Prospect avenue, Bayonne, N. J., where intoxicating liquor was kept for sale and was sold in violation of section 21, title 2, of the National Prohibition Act (27 USCA § 33).

They were tried and Herman Sturez was convicted on both counts and sentenced to pay a fine of $250 and serve a term of six months in jail. Michael Komars was acquitted of the charge of possession made in the first count, but was convicted of maintaining

a nuisance as charged in the second count, and sentenced to pay a fine of $300.

In support of the appeal, it is urged that the judgment should be reversed for the following reasons: (1) The court was without jurisdiction in this case for the proof of a nuisance by means of a sale brought defendants under the purview of the Jones Act; (2) Komars, having been acquitted of possession, could not logically be convicted of maintaining a nuisance; and (3) the court committed error in its charge to the jury.

[1] The defendants say that the court was without jurisdiction because the government established a nuisance by means of a sale, and this brought the defendants under the purview of the Jones Act, whose penalties constitute an infamous crime that must be prosecuted by indictment and not by information.

This argument does not distinguish between the crime charged and the means by which it is established. The proof by which a charge is sought to be sustained does not constitute the crime. It is the charge made in the information or indictment that determines the character of the crime and not the evidence by which the crime is proved. Conviction of a nuisance charged in a count of an indictment by evidence of a sale cannot subject the defendant to the penalty prescribed by the Jones Act for a sale. The charge of a nuisance might be established by proof of the manufacture, possession, or sale of intoxicating liquor on the premises in question, but in such case it cannot be said that the defendant had been technically convicted of manufacture, possession, and sale of liquor. We cannot follow the reasoning of counsel to the effect that evidence of sale to establish a nuisance brought the defendants under the "purview of the Jones Act" in this case so as to prevent prosecution of the defendants for a nuisance by criminal information instead of indictment.

Counsel thinks that the acquittal of Komars of the charge of possession and his conviction of maintaining a nuisance is a logical inconsistency. This may be true, but logical consistency in verdicts is not required. James Dunn v. United States, 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. —— (decided January 11, 1932).

More serious is the contention that the charge of the court was prejudicial. In his charge with reference to Sturez, the learned trial judge said: "As to this case, gentlemen of the jury, the charge of unlawful possession, so far as the evidence goes, the defend-

ant Sturcz by his own testimony stands guilty of the first count, unlawful possession, because he had this liquor and he admits it, no dispute about that, no excuse for having it for private consumption. The law makes no exception of that sort. The court might consider that in the punishment if it comes to that. Remember by his own admission the defendant Sturcz is guilty on the first count."

This was in substance a direction to the jury to find Sturcz guilty, with a veiled promise of leniency if it did. The latter part of the above quotation, "Remember by his own admission the defendant Sturcz is guilty on the first count," referred to the testimony of Sturcz that he had two bottles of whisky and one-half gallon of wine for his own use; that he made the whisky and wine to take every morning. He said, "I got doctor's orders since I am in Bayonne all the time." The court said that there was "no excuse in having it for private consumption. The law makes no exception of that sort." This instruction might or might not be correct. It depended upon the facts as found by the jury under proper instruction of the court. The government's testimony indicated that he had more liquor than he said he had. All this, however, was for the determination of the jury, whose province the court invaded, and in so doing committed prejudicial error. It is true that in another part of his charge the court said: "You may consider whether in this saloon this liquor was kept for sickness and personal use in that quantity instead of in the apartment upstairs where the sickness would likely be if there was any in the family." The two instructions came to this: In one case the jury was instructed that there was no excuse for having the liquor, it was illegal, the law made no exception of that sort, and the defendant was guilty; in the other, the jury was instructed that it might consider and so determine whether or not the liquor was kept for sickness and personal use which inferentially might constitute an excuse, an exception, and so, in that event, he would not be guilty. These instructions were contradictory, and which one was to be followed the jury did not know. It, however, followed the former, but whether it was because it did not believe the defendant or was influenced by the instructions of the court to do so cannot be determined. The two instructions could not help confusing the jury and prejudicing it against the defendant.

The defendant Komars, who admittedly had been working for the Standard Oil Company thirty-three years, was asked by Sturcz to watch his bottle beverage place while he went to get a shave. During the absence of Sturcz, prohibition agents entered the place. They say that Komars was tending bar, and, when they went in, he was behind the bar; that they asked him for a drink of brandy; that he served each of them a drink, and they gave him two $1 bills, and "Komars rang up in the cash register and returned us fifty cents in change." Komars, on the contrary, testified that, when they entered, he was not behind the bar, but on the outside, and that they went behind the bar, found the bottles of liquor, poured out drinks for themselves, drank them, rang up the cash register, and put the money into it. Therefore Komars and the prohibition agents flatly contradicted each other.

One of the agents then testified that, without asking or knowing the price of the drinks, he gave Komars the money to pay for them. This tended to corroborate Komars' and discredit their testimony, for it might reasonably be inferred that, if Komars had been tending bar and serving them, they would have asked him the price of the drinks, and, since they did not, his testimony, and not theirs, might be true. To rebut this inference, the court instructed the jury that it could take the judicial notice that "these saloons are very common through this country," "and it may be there is a standard price which the agents know from their experience; and they paid their money and got the evidence, the liquor."

In other words, the jury was instructed to assume a fact for which there was no evidence and this unwarranted assumption tended to discredit Komars and explain the apparent contradiction in the testimony of the agents. It was harmful to Komars and prejudicial error.

It follows that the judgment must be reversed, and a new trial awarded.