## CHIARAVALLOTI v. UNITED STATES.
### No. 4742.

Circuit Court of Appeals, Seventh Circuit.
June 24, 1932.

Rehearing Denied July 29, 1932.

John F. Bolton, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Daniel Anderson, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant was charged with having attempted to bribe an officer in the prohibition department. The jury found him guilty, and the court imposed a penitentiary sentence upon him.

The assignments of error deal with the admission of evidence and the overruling of defendant's motion in arrest of judgment, because of the alleged insufficiency of the indictment, and the want of sufficient evidence to support the conviction.

The specific attack, under the alleged errors in receiving evidence over objection, is directed to the testimony of prohibition agents who obtained their evidence upon a search of appellant's premises without a proper search warrant. Another objection to the evidence goes to the testimony of a post office representative, whose testimony bore upon the sufficiency of the description of appellant's premises as set forth in the search warrant.

The warrant upon which the search was made described the premises as 4807 West 22nd Street, Chicago, Illinois. The evidence showed that there is a 22nd Street in Chicago which runs east and west. It enters Cicero, which is outside of Chicago, and continues under the name of 22nd Street. However, the limit of the Chicago area is 4800 West 22nd Street. West of this number is Cicero. Mr. Kettering, an experienced man in the Chicago Post Office, testified that a letter addressed to 4807 West 22nd Street, Chicago, Illinois, would be delivered to the party residing at 4807 West 22nd Street in the town of Cicero. He also said that 4800 is the

boundary line between Chicago and Cicero, and that there was no such address as 4807 West 22nd Street, Chicago, Illinois.

In addition to describing the premises as "4807 West 22nd Street, Chicago, Illinois," both the affidavit and the search warrant described it as being an Italian restaurant with a two-story garage facing an alley at the rear, as part of the same premises.

In Steele v. United States, 267 U. S. 503, 45 S. Ct. 414, 416, 69 L. Ed. 757, the court says:

"It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended."

The case of Rose v. United States (C. C. A.) 45 F.(2d) 459, is directly in point and upholds the sufficiency of the description.

We see no legitimate objection to the testimony of the Chicago Post Office employee, who accurately described the situation. He testified to facts and not to conclusions. The fact that a mail carrier would deliver a letter addressed 4807 West 22nd Street, Chicago, to its proper destination, even though in Cicero, a different municipality, is some proof that an officer with a search warrant could with reasonable effort ascertain and identify the place intended.

Appellant's contention that Caffey, the prohibition agent, was not lawfully on the premises, and therefore was not subject to the bribe, must also be rejected. Caffey was not a trespasser on the premises. He was there, lawfully, acting in an official capacity, pursuant to the commands of a valid search warrant. He was therefore clearly such a person as is described in the statute, the giving of a bribe to whom, would be an offense.

Appellant challenges the sufficiency of the indictment, basing his attack upon the pleader's failure to allege knowledge that the person bribed was an officer.

The material part of the indictment, after asserting that Caffey was an officer of the United States and acting for the United States in an official capacity, reads as follows:

" * * * that the said defendants * * * unlawfully, wilfully, corruptly and feloniously did give and cause and procure to be given a large sum of money, to wit, $300.00 to the said Myron M. Caffey, then and there being such person acting for and on behalf of the United States * * *

with the intention on the part of the said defendants then and there to induce the said Myron M. Caffey to do and act in violation of his lawful duties, that is to say, unlawfully to refrain from and to omit to arrest and cause the arrest of the said defendants for the said violation of the laws of the United States aforesaid, * * * against the peace and dignity of the United States," etc.

The indictment thus sufficiently charged the *scienter*. The indictment follows the language of the statute. Title 18, USCA § 91. It was clearly sufficient. Hone Wu v. United States, 60 F.(2d) 189, decided by this court June 22, 1932. Henderson v. United States, 24 F.(2d) 811, 812 (C. C. A. 4).

The indictment in the Henderson case is almost identical with the one before us. There the court said:

"The offense charged is a statutory one, and not the common-law offense of bribery, and for that reason many of the authorities relied on by counsel for the defendant are not in point. Had the defendant felt the need of a more detailed statement of the facts as to the offense charged he could have demanded a bill of particulars. * * * *It is also urged that the indictment should allege knowledge on the part of the accused that the man to whom the offer or promise was made was an officer. We think the indictment does this sufficiently, in that it sets out facts that show knowledge on the part of the accused that the officer was such.* Pettibone v. U. S. [148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419], supra; Cohen v. U. S. (C. C. A.) 294 F. 488; Bradshaw v. U. S. (C. C. A.) 15 F.(2d) 970; Gay v. U. S. (C. C. A.) 12 F.(2d) 433."

See, also, Bogileno v. U. S. (C. C. A.) 38 F.(2d) 584; Daniels v. U. S. (C. C. A.) 17 F.(2d) 339.

The remaining attack upon the judgment is predicated upon the want of sufficient evidence to support the conviction. This assignment of error is based largely upon the argument that a codefendant, Arcadi, was found not guilty upon the same evidence which convicted appellant. But the evidence against the two defendants was not the same in all respects. Moreover, if the evidence were the same, acquittal of one defendant does not establish the innocence of the other. For inconsistent verdicts furnish no support for a reversal of a judgment against one who is found guilty upon sufficient evidence to support a conviction as to him. Dunn v. U. S., 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed.

356. Here the evidence was ample to sustain the conviction of appellant.

The judgment is affirmed.