### KITRELL v. UNITED STATES.
#### No. 1253.

Circuit Court of Appeals, Tenth Circuit.
March 28, 1935.

334

Harry Silverstein, of Denver, Colo. (David Rosner, of Denver, Colo., on the application), for appellant.

Byron G. Rogers, Asst. U. S. Atty., of Las Animas, Colo.

Before LEWIS and McDERMOTT, Circuit Judges.

PER CURIAM.

Appellant was convicted on three counts of an indictment, each of which was based on the Revenue' Act of 1928 (section 146), 45 Stat. 835 (26 U. S. Code, § 2146 [26 US CA § 2146]). Clearly the pleader rested counts 1 and 2 on subdivision (b) of said section (26 USCA § 2146 (b), which defines a felony; and count 3 on subdivision (a), 26 USCA § 2146 (a), which defines a misdemeanor. Count 1 charges the appellant with a willful and felonious attempt to defeat and evade his income tax in an amount exceeding $70,000 for the calendar year 1930. It is set forth that appellant's gross income for 1930 was more than $300,000, and that his net income was in excess of that amount, and it is charged that a means of willfully and feloniously attempting to defeat and evade said tax he willfully failed to make a return on or before March 15, 1931, or at any other time or any return whatsoever, and that he never made any payment to the Collector of Internal Revenue of any sum on account of said tax for said calendar year.

The charge in the second count and the facts therein set forth are in substance like those in the first count, except the tax which he attempted to defeat and evade was for the calendar year 1931 in the amount of more than $8,000.

The third count also deals with the tax for the calendar year 1931, but it only charges a willful failure to make return for that year on or before March 15, 1932, or at any other time, and that he has never made payment of any sum whatever to the Collector on account thereof.

The appellant was sentenced to four years' imprisonment on counts 1 and 2, said terms to run consecutively, and he was fined $2,500 on each count. On the third count he was sentenced to one-year imprisonment to run concurrently with the terms imposed on the other two counts and fined $1000.

The bill of exceptions has not been settled, and, of course, is not here..

The application here rests only on an attack on the sufficiency of the several counts of the indictment, more particularly on counts 1 and 2. It is said that each is bad for duplicity in that each charges an attempt to defeat and evade the tax and a failure to make a return, and that the only method of tax evasion charged is the failure to make return. But the third count does not charge that the defendant willfully attempted to defeat and evade the tax for 1931. It only charges that his gross income was over $5,000, bringing him within the requirement of the statute that he make return, which he willfully failed to do, whereas the offenses charged in the first and second counts were willful attempts to defeat and evade the tax for each of the two years. Nor can it be maintained that either of the counts is duplicitous. The questions thus raised seem to now be authoritatively settled against appellant's contention. O'Brien v. United States (C. C. A.) 51 F.(2d) 193, certiorari denied 284 U. S. 673, 52 S. Ct. 129, 76 L. Ed. 569; Oliver v. United States (C. C. A.) 54 F.(2d) 48, certiorari denied, 285 U. S. 543, 52 S. Ct. 393, 76 L. Ed. 935; United States v. Miro (C. C. A.) 60 F.(2d) 58; United States v. Commerford (C. C. A.) 64 F.(2d) 28, certiorari denied 289 U. S. 759, 53 S. Ct. 792, 77 L. Ed. 1502; Hargrove v. United States (C. C. A.) 67 F.(2d) 820, 90 A. L. R. 1276. See, also, Albrecht v. United States, 273 U. S. 1, 11, 47 S. Ct. 250, 71 L. Ed. 505; Blockburger v. United States, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306.

The two subparagraphs (a) and (b) express a clear intention to define different offenses. The first makes it a misdemeanor to willfully fail to make the required return. The second makes it a felony to willfully attempt in any manner to evade or defeat the tax or the payment thereof; and the counts make that distinction clear and definite. They separately charge in accord with the definition.

Application for bail was first made to the District Judge. In denying it the Dis-

trict Judge said: "Being of the opinion that there is no substantial question involved I have no alternative but to deny bail at this time." We take that statement as having been made because of the last paragraph of rule 6 of the Rules adopted by the Supreme Court in Criminal Cases. 292 U. S. 663, "Bail shall not be allowed pending appeal unless it appears that the appeal involves a substantial question which should be determined by the appellate court." The discussion of the District Judge preceding the excerpt supra relates in part to the sufficiency of the three counts. Assuming the authority and duty of this court to overrule the District Judge in that finding, a proper regard for his views causes us to feel that we should be slow to take a contrary view, unless clearly convinced he was in error. However, our own investigation and consideration of the contentions for the applicant convince that the criticisms of the charges in the three counts are not well taken.

The application is denied.