ALEX RUBINSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44816. Filed February 17, 1958.

*Herbert L. Zuckerman, Esq.,* and *David Zuckerman, C. P. A.,* for the petitioner.

*Henry L. Glenn, Esq.,* for the respondent.

OPINION.

OPPER, *Judge*: The narrow question is whether respondent has carried his burden of proving that a fraudulent return was filed so as to avoid the statute of limitations [1] under the circumstances of this case, including the fact that he is unable to show what return was filed in the first place. This is not a case where the contents of the return have been demonstrated by secondary evidence. The only thing shown is the amount of tax due as entered on the collector's assessment list. If this indicated, even by inference, the gross income and deductions entered upon the return, there might be some validity to respondent's argument that the burden should shift to petitioner.

But the complications of setting out deductible items, subtracting them from gross income, giving effect to available credits, and then computing and entering the net tax due are too well known to permit a valid inference that the tax shown by the return is of itself sufficient

[1] SEC. 276. SAME—EXCEPTIONS.

(a) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with intent to evade tax or a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time,

measure either of gross income actually reported or of deductions properly taken.

Here we regard the failure to produce adequate evidence of the contents of the returns, upon whose falsity respondent relies, as fatal. On this issue petitioner is sustained.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

BRUCE, *J.*, concurs in the result.

---

RAUM, *J.*, dissenting: My difficulty with the prevailing opinion is that I don't know what it holds. Certainly, it doesn't purport to hold that proof of the contents of a return by secondary evidence is necessarily insufficient in establishing fraud. But here there was evidence as to the amount of tax due that was shown on the return, and that fact could furnish the basis for determining the maximum amount of taxable net income appearing on the return. This is particularly true where petitioner's exemptions are known, and where, through information supplied by the net worth statement, such items as capital gains or losses, depreciation, and the like are susceptible of reasonable determination.

The tax is imposed upon *net* income, and it might well be immaterial in a particular case whether the Government can show what items of gross income or deduction were reported on the return. Where it shows that the *net* income was substantially understated, that fact together with other facts of record may be convincing evidence that the return was a fraudulent one. If the majority opinion is to be construed as laying down an inflexible rule that fraud cannot be proved without producing the return or reconstructing all the components of net income appearing on the return, I think it is wrong. It should be sufficient to show by cogent evidence that net income was substantially understated on the return and that, in conjunction with other facts of record, such understatement was false or fraudulent.

HARRON and PIERCE, *JJ.*, agree with this dissent.