Thomas J. Thompson v. Commissioner.
Thompson v. Commissioner
Docket No. 75384.
United States Tax Court
T.C. Memo 1962-197; 1962 Tax Ct. Memo LEXIS 114; 21 T.C.M. (CCH) 1066; T.C.M. (RIA) 62197; August 16, 1962
*114 Petitioner owned and operated a profitable rigging business during the years 1945 through 1949, and during 1951. Held: 1. Petitioner substantially understated his income for each of the years involved. 2. At least a part of the deficiencies for each of the years was due to fraud with intent to evade tax. 3. None of the years is barred by the statute of limitations. 4. Additions to tax for petitioner's failure to timely file his 1946 income tax return sustained. 5. Additions to tax for petitioner's failure to file declarations of estimated tax for each of the years involved sustained. Stephen P. Cadden, Esq., and Dennis DeBerry, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income tax and additions to tax for the years 1945 to 1949, inclusive, and for the year 1951, as follows: Additions to Tax, I.R.C. 1939
Year
Deficiency
Sec. 291(a)
Sec. 293(b)
Sec. 294(d)(1)(A)
Sec.294(d)(2)
1945
$ 4,912.69
$2,456.35
$ 449.43
$ 299.62
1946
3,031.08
$151.55
1,515.54
285.95
190.62
1947
6,687.33
3,343.67
615.71
410.48
1948
851.57
425.79
76.64
51.09
1949
3,253.34
1,626.67
306.83
204.56
1951
17,579.36
8,789.68
1,587.34
1,058.22
This case was regularly called *115 for trial at Philadelphia, Pennsylvania, on November 7, 1961, at which time no appearance was made and no evidence was offered by or on behalf of the petitioner. Nor has any brief been filed by or on behalf of petitioner. On opening statement and on brief, respondent has conceded that petitioner is not liable for the additions to tax under section 294(d)(2), Internal Revenue Code of 1939, for any of the years involved. Commissioner v. Acker, 361 U.S. 87. The following issues are presented: (1) Whether petitioner failed to report for income tax purposes $14,143.38 in 1945, $10,903.40 in 1946, $18,889.43 in 1947, $3,978.55 in 1948, $12,055.76 in 1949, and $35,775.75 in 1951, or a total of $95,746.27; (2) whether petitioner is liable for additions to tax for fraud for each of the years involved under section 293(b), Internal Revenue Code of 1939; (3) whether the assessment and collection of deficiencies and additions to tax for any of the years 1945 to 1949, inclusive, are barred by the statute of limitations; (4) whether petitioner is liable for an addition to tax for delinquency for 1946 under section 291(a), Internal Revenue Code of 1939; and (5) whether petitioner is liable for *116 additions to tax for failure to file declarations of estimated tax for the years 1945 to 1949, inclusive, and for the year 1951 under section 294(d)(1)(A), Internal Revenue Code of 1939. Findings of Fact Petitioner was unmarried during all of the material years. His principal place of business was Philadelphia, Pennsylvania, where he owned and operated a rigging, engineering, and general contracting business dealing in ornamental and structural steel fabrication, erection and dismantling, and other heavy rigging work. The business was conducted by petitioner under several names, including Thompson Engineering and Construction Company, Thomas J. Thompson Engineering, American Elevator Rope Splicers, American House Movers, American Safe Movers, and American Wrecking Company. Petitioner filed individual income tax returns with the collector of internal revenue in Philadelphia. Returns for 1946, 1947, 1948, 1949, and 1951 contain no itemization of income sources and no specification of expenses. The returns for 1946, 1947, and 1948 only list an amount under total income. The return for 1949 lists $1,700 in Schedule E with the explanation "Self employed - (rigger)." The 1951 return shows *117 $1,850 as net profit from petitioner's business as a rigger. Petitioner's returns showed the following income and tax liabilities: Income
Year
Reported
Tax Reported
1945
$1,924 *
$ 81.00
1946
1,950
146.00
1947
2,000
154.00
1948
1,800
1949
1,700
156.00
1951
1,850
138.63
During examination of his tax liabilities for the years involved, petitioner told revenue agents that he was a journeyman rigger earning only enough money to enable his sister and himself to get by and never more than $35 to $40 per week. He stated that he reported for income tax purposes whatever cash was left over at the end of the year and that he never kept any records other than a small black notebook, which he had lost. He denied having a checking account. Petitioner maintained an active checking account at Central-Penn National Bank in Philadelphia from the year 1919 to and including the years in question. Petitioner denied ever having had employees. Records of the Pennsylvania Bureau of Employment Security disclose *118 that petitioner made reports to that agency, declaring that he had 3 employees in the third and fourth quarters of 1949, 14 in the first quarter of 1951, 13 in the second quarter of 1951, and 5 in the third and fourth quarters of 1951. Petitioner carried unemployment compensation policies for his employees with the United States Fidelity and Guaranty Company. Respondent determined petitioner's taxable income for the years 1945 through 1949 and for the year 1951 through analysis of petitioner's bank balances, estimated living expenses, assets acquired, and depreciation. Respondent gave petitioner credit for deductible business expenses in the amount of all withdrawals from petitioner's checking account, and his computations reflect redeposits made by petitioner. Petitioner had unreported income for the years and in the amounts disclosed by the following computations: Estimated
Personal
Capital
Bank Balance
Total
Income
Unreported
[Year]
Expenditures
Expenditures
Increases
Available
Reported
Income
1945
$3,100
$13,467.38
$16,567.38
$1,924
$14,643.38
1946
2,600
10,753.40
13,353.40
1,950
11,403.40
1947
2,600
Delaware Ave.
7,080.18
21,389.43
2,000
19,389.43
Property - $7,109.25
Autocar Truck - $1,600
Improvements - $3,000
1948
2,600
Delaware Ave.
(20,180.23)
6,420.61
1,800
4,620.61
Property - $17,290.75
Crane - $8,670
Depreciation -
($1,959.91)
1949
2,000
Buick - $2,376.20
13,676.41
14,755.76
1,700
13,055.76
Depreciation -
($3,296.85)
1951
2,000
Depreciation -
38,485.62
38,625.75
1,850
36,775.75
($1,859.87)
*119 Known receipts from the business in the taxable years 1948, 1949, and 1951 are as follows: 1948
1949
1951
Sloane-Blabon Corporation
$1,862.50
$39,035.72
The Sharples Corporation
2,115.87
$ 615.80
General Piping and Equipment Co.
1,698.43
Camden Forge Co.
1,000.00
Koedding, Inc.
550.00
Sears, Roebuck and Co.
330.00
Robert E. Lamb & Son, Inc.
100.00
H. W. Butterworth & Sons Co.
59,790.23
Lukens Steel Co.
15,566.99
Globe Ticket Co.
2,560.11
A. L. Hyde Co.
131.37
Total
$1,862.50
$44,830.02
$78,664.50
Following indictment by the Grand Jury on November 16, 1955, on two counts of willfully and knowingly attempting to evade and defeat income taxes for the years 1949 and 1951 by causing a false and fraudulent income tax return to be filed for each of those years, petitioner was tried before a jury in the United States District Court for the Eastern District of Pennsylvania and was found guilty on both counts on December 12, 1956. In the absence of any books of account or records, respondent computed petitioner's income tax liabilities on the basis of increases or decreases in petitioner's bank balances and gave consideration to petitioner's estimated living expenses, assets acquired, and depreciation. Petitioner failed to *120 report net taxable income in the following amounts: Year
Amount
1945
$14,143.38
1946
10,903.40
1947
18,889.43
1948
3,978.55
1949
12,055.76
1951
35,775.75
Total
$95,746.27
Petitioner's individual income tax return for the year 1946 was due to have been filed March 15, 1947. The return was not filed by petitioner until March 24, 1947. Petitioner failed to make and file declarations of estimated taxes for each of the years involved within the time prescribed. At least a part of the deficiency for each of the taxable years involved was due to fraud with intent to evade tax. Petitioner filed a false or fraudulent return with intent to evade tax for each of the years 1945 to 1949, inclusive. Opinion Petitioner has the burden of overcoming the presumptive correctness of the deficiencies determined by respondent. Petitioner did not appear at the trial in person or by counsel. No evidence was offered and no brief has been filed by or on his behalf. In the absence of any evidence to refute the same, the deficiencies determined by respondent are sustained. The question remains, however, whether the assessment and collection of the deficiencies, as well as the additions to tax determined by respondent for the *121 years 1945 to 1949, inclusive, are barred by limitations as provided by section 275(a) of the Internal Revenue Code of 1939, or come within the exception provided by section 276(a). Limitation was not pleaded with respect to the year 1951 and that issue is not presented as to 1951. Closely related to the question of limitations is the question whether any part of the deficiency for each of the years involved was due to fraud with intent to evade tax so as to render petitioner liable for the additions to tax provided by section 293(b). The burden of establishing fraud for either purpose is upon respondent, section 1122; W. A. Shaw, 27 T.C. 561, affd. 252 F. 2d 681 (C.A. 6), and must be established by clear and convincing evidence, Arlette Coat Co., 14 T.C. 751. We think respondent has sustained his burden in both respects and have so concluded in our findings of fact. In the absence of any records maintained by petitioner, respondent computed petitioner's taxable income by the bank deposits method. He analyzed the deposits in petitioner's checking account, estimated living expenses, took cognizance of capital purchases, gave credit for depreciation and treated all checks written *122 as deductible business expenses. From this analysis respondent determined that petitioner had underestimated his income for each of the years involved in the amounts set forth in our findings. For the years 1948, 1949, and 1951, respondent also introduced corroborative evidence of specific business receipts which were in excess of the income reported by petitioner for those years. Not only is it well settled that unexplained bank deposits are evidence of receipt of taxable income, Goe v. Commissioner, 198 F. 2d 851 (C.A. 3), affirming a Memorandum Opinion of this Court; Russell C. Mauch, 35 B.T.A. 617, affd. 113 F. 2d 555 (C.A. 3); Joseph Calafato, 42 B.T.A. 881, affd. 124 F. 2d 187 (C.A. 3); Hoefle v. Commissioner, 114 F. 2d 713 (C.A. 6); Hague Estate v. Commissioner, 132 F. 2d 775 (C.A. 2); Louis Halle, 7 T.C. 245, affd. 175 F. 2d 500 (C.A. 2); Fada Gobins, 18 T.C. 1159, 1168, affd. 217 F. 2d 952 (C.A. 9); Herman J. Romer, 28 T.C. 1228, 1244, 1254, but the failure to report such unexplained bank deposits has been held evidence of fraud, Goe v. Commissioner, supra; Oliver v. United States, 54 F. 2d 48 (C.A. 7); Russell C. Mauch, supra. See also Fada Gobins, supra; *123 Herman J. Romer, supra. Where, as here, in addition to the unexplained bank deposits there is evidence of identified income-producing activities and evidence of attempted concealment, it is reasonable to infer that the failure to report such income was due to fraud with intent to evade tax. Gleckman v. United States, 80 F. 2d 394 (C.A. 8); Goe v. Commissioner, supra. In each of the taxable years in question, except 1948 during which he made capital purchases in excess of $25,000, petitioner's bank balance increases ranged from $7,080.18 (in 1947) to $38,485.62 (in 1951). During each of these years petitioner never reported income in excess of $2,000. During all these years petitioner owned and operated a rigging, engineering and general contracting business dealing in ornamental and structural steel fabrication, erection and dismantling, and other heavy rigging work. His business was conducted under several names, including Thompson Engineering and Construction Company, Thomas J. Thompson Engineering, American Elevator Rope Splicers, American House Movers, American Safe Movers, and American Wrecking Company. He employed from 3 to 14 employees at various times for whom he made reports *124 to the Pennsylvania Bureau of Employment Security and carried unemployment compensation insurance. Notwithstanding such business activities petitioner represented to the revenue agents investigating his income tax liability that he was a journeyman rigger and never earned more than $35 to $40 per week. He further denied having a checking account. Moreover, petitioner's return for each of the years involved (except 1945 for which no return was available) lists only a single amount as total income and contains no itemization as to sources of income or expenses. On the facts presented, it is clear that the petitioner understated his taxable income for each of the years involved and that such understatements were due to fraud with intent to evade tax. Accordingly, we hold that at least a part of the deficiencies for each of the years involved was due to fraud with intent to evade tax and that petitioner is liable for the additions to tax imposed by section 293(b) of the Internal Revenue Code of 1939. It necessarily follows that petitioner filed a false or fraudulent return for each of the years 1945 to 1949, inclusive, and that the assessment and collection of the deficiency for each of *125 said years are not barred by limitations. Section 276(a), Internal Revenue Code of 1939. The fact that the return for 1945 was not available at the time of trial is immaterial in view of petitioner's admission on pleading that he had adjusted gross income in the amount computed by respondent. Granauist v. Harvey. 258 F. 2d 599 (C.A. 9). Alex Rubinstein, 29 T.C. 861, affd. 264 F. 2d 478 (C.A. 3), is distinguishable on the facts. Petitioner failed to timely file his income tax return for the year 1946. In the absence of any showing that this failure was due to reasonable cause, he is liable for the addition to tax provided by section 291(a), Internal Revenue Code of 1939. Petitioner failed to file declarations of estimated tax as to each of the years involved within the time prescribed. In the absence of any showing that these failures were due to reasonable cause, petitioner is liable for the additions to tax under section 294(d)(1)(A), Internal Revenue Code of 1939. Decision will be entered for the respondent in the amounts of the deficiencies and additions to tax determined by respondent, except the additions to tax under section 294(d)(2). Footnotes
*. No return is available for 1945. Respondent computed income reported on the basis of the tax reported. In his reply to respondent's answer, petitioner admitted having reported adjusted gross income in the amount shown.↩